PER CURIAM.
This matter is before us to consider major revisions to The Florida Bar Integration Rule, article XI, and amendment to The Florida Bar Integration Rule, article II, section 5(a), which have been proposed by the Supreme Court Special Committee for Lawyer Disciplinary Procedures.* Several major policy decisions were made by the committee which are reflected throughout the recommended changes to article XI. The committee recommends that lay persons should be included in the disciplinary process at the grievance committee level; that, for more expeditious handling of cases, a speedy trial rule should be instituted; that the Board of Governors should be taken out of the adjudicatory phase of the disciplinary process and should be involved only as prosecutor; that there should be absolute immunity for complainants in Bar disciplinary proceedings; that confidentiality should be eliminated after probable cause has been determined to exist; that spot audits by in-house auditors should be instituted; that there should be qualification proceedings to deal with incompetent lawyers; and that circuit judges should serve as referees. We approve the committee’s recommendation as they relate to inclusion of lay persons in the disciplinary process, taking the Board of Governors out of the adjudicatory phase of the disciplinary process, use of trial judges as referees, and elimination of confidentiality after probable cause has been determined to exist.
Although we approve a major portion of the committee’s recommendations, we reject the following proposals which are adequately covered by the present rules. We reject proposed rule 11.02(4)(d),[1] dealing with unearned fees and lawyer retainers, providing that money paid to a lawyer for services rendered in the future should not be used until the services are rendered and the fee earned and enumerating exceptions to this rule. Not only do we feel that the situation dealt with by this proposed rule is adequately covered by the present rules, which make it unethical for a lawyer to accept a fee and then fail to do the promised work, but we are also of the opinion that the proposed rule is unworkable. Mechanical application of such a rule seems unfeasible due to the varying circumstances and stages under which a fee is “earned.”
*2 We reject proposed rule 11.02(4)(e),[2] entitled “Staff Auditors and Random Audits,” which provides that The Florida Bar shall retain staff auditors to conduct random audits. We have recently revised the rules with respect to trust accounting so as to require standard procedures and reporting requirements on the part of members of the Bar. See Fla.Bar Integr.Rule, art. XI, rule 11.02(4)(c). Until these new procedures are tested and determined to be wanting, we decline to assume the need for the substantially more restrictive measures proposed by the committee.
We reject the proposed major revision of rule 11.04(3),[3] which eliminates, at the grievance committee level, the accused attorney’s right to confrontation, to cross-examination, to be present during the hearing, and to present evidence although the accused, under the proposed rule, would still have the opportunity to make a statement to the grievance committee in refutation or explanation of the charges. This proposed change was previously rejected by this Court in In the Matter of The Florida Bar, 338 So.2d 205, 207 (Fla.1976), wherein we said:
We do not feel the rights afforded the accused attorney by Rule 11.04(3) should be sacrificed for the mere purpose of expediency in the processing of his charges.
Our ruling upon the proposal to eliminate confidentiality at certain stages of the grievance procedure makes retention of the present safeguards even more essential.
We reject proposed rule 11.10(9),[4] which relates to the employment of suspended or *3 disbarred lawyers and which has the effect of overruling this Court’s holding in The Florida Bar v. Thomson, 310 So.2d 300 (Fla. 1975), granting permission to suspended, disbarred, resigned, or inactive lawyers to be employed by a law firm or professional association to perform services which ethically could be performed by other lay persons. This proposal has been before the Court on several occasions since the Thomson case was decided, and limitations upon such employment have been imposed. See Fla.Bar Integr.Rule, art. XI, rule 11.10(7). No additional information has been supplied to the Court in connection with this proposal which would justify further reconsideration of such a thoroughly considered matter.
Proposed rule 11.12(6)(a), (b), and (c)[5] is likewise rejected as unnecessary. Subsections (a) and (b) give absolute immunity to the complainants and to the disciplinary agents. We deem that participants in a disciplinary proceeding have the same privileges that a person has in a judicial proceeding and that creation of a new status which departs from a well-established body of law is inadvisable. Subsection (c) deals with the granting of immunity from prosecution. This subject is dealt with by our decision in Ciravolo v. The Florida Bar, 361 So.2d 121 (Fla.1978). Further amplification of that decision by rule does not appear to be necessary or advisable.
Proposed rule 11.13(1)[6] establishes a speedy trial rule in disciplinary proceedings. *4 We find that such a speedy trial rule is not necessary at this time since the revisions to article XI, which we approve, are expected to expedite disciplinary matters. Furthermore, it is not clear that application of the speedy trial concept embodied in the Florida Rules of Criminal Procedure to disciplinary proceedings is in the best public interest.
We reject the special committee’s suggestion that rule 11.14, relating to disciplinary proceedings in circuit courts, be eliminated in its entirety. This rule provides a means to discipline attorneys exclusively within the judicial process, totally removed from the organized bar, and should remain in effect.
Finally, we reject in its entirety proposed rule 11.14,[7] which establishes procedures for *5 conducting qualification proceedings against an attorney incapable of practicing law generally or in a particular area of law because of lack of expertise or qualifications or inability to render legal services in a prompt and competent manner. We find present rule 11.01(4) to be adequate for these purposes, particularly in view of the fact that no instances of deficiencies in operating under the existing rule have been brought to our attention.
Having rejected, in their totality, the foregoing proposed changes, we now proceed to those proposed rules which we approve but with some modification.
The suggested amendment to rule 11-03(2), which we modify slightly, eliminates the requirement that a lawyer member of the grievance committee must have been a member of The Florida Bar for not less than five years and provides for lay participation on the grievance committees. The Committee for Lawyer Disciplinary Procedures suggests, and we agree, that nonlaw-yer participation in the disciplinary process is desirable and that this participation should be at the grievance committee level where probable cause is determined. We disagree, however, with the deletion of the requirement from the present rule that each lawyer member of the committees shall have been a member of The Florida Bar for not less than five years. Such experience and maturity in the profession is deemed beneficial to the process. Rule 11.-03(2)(c) is modified to read as follows:
(c) MEMBERSHIP, APPOINTMENT AND ELIGIBILITY. Each grievance committee shall be appointed by the Board of Governors and shall consist of not less than three members, of -T-he Florida Bar, oaeh-of- whom shall have been a mombor of The Florida Bar for not less-than five years. At least one-third of the committee members shall be nonlawvers. All appointees shall be of legal age and shall be residents of the circuit or have their principal office in the circuit. The lawyer members of the committee shall have been members of The Florida Bar for not less than five years.
With the advent of lay participation in grievance committees, The Florida Bar suggests a modification tó rule 11.03(2)(h), concerning quorum vote, which we approve. The rule as modified is as follows:
(h) QUORUM, VOTE. Not less than three members, one of whom must be the chairman or vice-chairman and another of whom must be a lawyer, shall constitute a quorum. All findings of probable cause and recommendations of guilt of minor misconduct shall be made by affirmative vote of a majority of the committee members present, which majority must number at least two members. The number of committee members voting for or against the committee report shall be reflected in the report. Minority reports may be filed.
The proposed revision of rule 11.03(3)[8] contemplates the use .of circuit judges as referees, but additionally provides that members of The Florida Bar with extensive trial experience may be appointed as referees. We find that the use of trial judges, including county judges, as referees will be beneficial to the disciplinary process in that it will provide more uniformity in procedure and reduction in time involved in the trial of cases. In view of the number of trial judges available for service as referees, we conclude that it is unnecessary and complicating to use nonjudicial referees. Accordingly, we modify the proposed amendment *6 to eliminate the language relating to the continuing use of non judicial members of The Florida Bar as referees. We also delete the proposed requirement that the referee shall reside in a different circuit than the respondent. Rule 11.03(3) is amended to read as follows:
(3) REFEREES. The chief justice shall have the power to appoint referees to try disciplinary cases and to delegate to a chief judge of a judicial circuit the power to appoint referees for duty in his respective circuit. Such appointees shall ordinarily be active county or circuit judges, but the chief justice mav appoint retired judges.
After the special committee filed its report with this Court, The Florida Bar staff counsel suggested a change in proposed rule 11.03(9), dealing with court reporters, to include a time period within which the accused or respondent attorney could object to the use of a court reporter who was a full- or part-time employee of The Florida Bar. Agreeing that the time period is desirable, we modify the proposed amendment and adopt rule 11.03(9) as follows: •
(91 COURT REPORTERS. Court reporters who are full- or part-time employees of The Florida Bar mav be appointed to report any disciplinary proceeding. If the accused or respondent attorney objects at least 48 hours in advance of the matter to be recorded. an independent contract reporter mav be retained. Reasonable costs for court reporter service mav be taxed to a respondent or accused for payment to The Florida Bar.
To assure that all complaints get into the system promptly, other than those matters which are based on minor misunderstanding and which may be resolved by the grievance committee to the satisfaction of the complainant, the special committee suggests amendment of rule 11.04(2)(a).[9] For the most part, we agree with the suggested revision of this rule. We do not agree, however, that the grievance committee, having referred a matter to staff counsel for docketing, may not proceed with the matter unless it has been referred back to the committee by staff counsel. The importance of staff counsel’s being informed as to matters referred to grievance committees is undisputed, but the grievance committee should not be limited in its investigation if staff counsel does not recommend investigation. With our modification incorporated into the proposed revision, rule 11.-04(2)(a) shall read as follows:
(a) INVESTIGATION. A grievance committee is required to consider all charges of misconduct forwarded to the committee bv staff counsel whether based upon a written complaint or not. All written charges of misconduct received bv a committee member from a source other than staff counsel shall within 10 days be forwarded to staff counsel for docketing and other appropriate action unless the committee member receiving the complaint satisfies the complainant within the 10-dav period that formal investigation of the complaint is not required. Formal investigation bv a grievance committee mav proceed after the matter has been referred to staff counsel for docketing.
The special committee’s recommended change in rule 11.04(6)(b) states, in part, that the formal complaint shall be signed by a member of the committee who participated in the proceeding. We conclude that this complaint should be signed by the chairman or vice-chairman. Rule 11.-04(6)(b), as set out below, is approved:
(b) FINDINGS OF PROBABLE CAUSE. If a grievance committee finds *7 probable cause, the staff counsel assigned to the committee shall promptly prepare a record of its investigation and a report formal complaint and file the same with the executive director, the report proceedings being filed in duplicate. The formal complaint shall be signed bv the chairman or vice-chairman of the committee who participated in the proceeding. The record and report formal complaint shall be in such form and-with such content as shall be prescribed by the Board of Governors. Such record and report formal complaint shall be reviewed promptly by staff counsel. Should staff counsel question the grievance committee’s finding of — probable cause formal complaint, further proceedings shall be suspended and the matter referred to the Board of Governors, or returned to the grievance committee for further action. Staff counsel may also return a formal complaint to a grievance committee to remedy technical deficiencies in the complaint. When a finding of-probable cause formal complaint by a grievance committee is not referred to the Board of Governors, or returned to the grievance committee for further action, the executive director staff counsel shall furnish a copy of the report formal complaint to the aeeused respondent, and a copy of the record shall be made available to the accused respondent at his expense.
Because we believe that confidentiality should be retained where private reprimands are concerned, the proposed amendment to rule 11.06(5)(d),[10] relating to filing of motions to retain confidential status, is modified to read:
(d) DISPOSITION OF MOTIONS. Hearings upon motions may be deferred until the final hearing; and, whenever heard, rulings thereon may be reserved until termination of the final hearing, but a motion to maintain confidential status for the protection of a client which is filed within 20 days after service of the complaint on the respondent shall be decided before trial and the proceedings shall remain confidential until an order is issued on the motion.
Rule 11.09(3Xf) relates to the judgment of the Supreme Court after review of the referee’s report. The special committee suggests that the language relating to the authority of this Court to require the parties to file briefs or to require oral argument directed to the suitability of the disciplinary measure when no petition for review of the referee’s recommended disciplinary measure had been filed be deleted. We reject this recommended deletion. The proposed amendment to rule 11.09(3)(f) is modified, and the following rule changes are approved:
(f) JUDGMENT OF SUPREME COURT. After review, the Supreme Court shall enter an appropriate order or judgment. If no review is sought of a judgment or report of a referee entered under the rules and filed in the Court, the findings of fact shall be deemed conclusive and the disciplinary measure recommended by the referee shall be the disciplinary measure imposed by the Court, unless the Court directs the parties to submit briefs or oral argument directed to the suitability of the disciplinary measure recommended by the referee. A referee report which becomes final when no review has been timely filed shall be reported in an order of the Supreme Court.
The special committee proposes a major revision of rule 11.12(1), which deals with *8 confidentiality. With the modification requiring the maintaining of confidentiality when a private reprimand has been rejected by the accused attorney and with the rejection of the suggested deletion of subsection (b) relating to circuit court proceedings, rule 11.12(1) is amended to read:
(1) PUBLIC RECORD. Those parts of proceedings prior to the trial which are required to be served upon an accused7 and the record of the prooeedings-as-else-where defined, shall become public information in the following instances:
(a) REQUEST OF ACCUSED OR RESPONDENT. If the accused or respondent shall file in the proceeding a request in writing that the proceedings be made public information.
(b) CIRCUIT COURT. If the proceeding is in a circuit court; but proceedings in contempt of confidential proceedings shall preserve the confidentiality of the disciplinary proceeding as elsewhere provided.
(c) JUDGMENT OF SUSPENSION OR DISBARMENT. Upon entry of a judgment of suspension from practice, disbarment or of public reprimand.
• (d) REVIEW BY SUPREME CQU-R-Tv FILING OF COMPLAINT. Upon the filing of a petition for-review in the manner provided by the rule-governing ■review-fey the-Supreme Court, formal complaint bv staff counsel in the Supreme Court and expiration of the time allowed for the filing of a motion to maintain confidential status as provided in rule 11.06(5)(b). Provided, however, that confidentiality shall be retained in situations where private reprimand is recommended, unless the accused or respondent waives confidentiality as provided bv rule 11.12(l)(a). If a motion is filed pursuant to rule 11.-06(5)(b). the matter shall remain confidential until the motion is ruled upon and thereafter as provided in the order on the motion or as otherwise provided in these rules.
With' the modifications previously discussed and with other modifications not discussed, The Florida Bar Integration Rule, article XI, is readopted as follows:
ARTICLE XI. RULES OF DISCIPLINE
The exclusive jurisdiction of the Supreme Court over the discipline of persons admitted to the practice of law shall be administered in the following manner subject to the supervision and review of the Court.
RULE 11.01: PRINCIPLES AND DEFINITIONS
(1) NOTICE AND KNOWLEDGE OF RULES. Every member of The Florida Bar and every attorney of another state who is admitted to practice for the purpose of a specific case before a court of record of this state under section 2 of article II of the Integration Rule is within the jurisdiction of this Court and its agencies under this rule and is charged with notice and held to know the provisions of this rule and the standards of ethical and professional conduct prescribed by this Court. Jurisdiction over an attorney of another state who is not a member of The Florida Bar shall be limited to his conduct as an attorney in relation to the business for which he was permitted to practice in this state, and his privilege in the future to practice law in the State of Florida.
(2) PROCESS. Every member of The Florida Bar is charged with notice of the provisions of section 6 of article II, relating to change of mailing address or military status, and that mailing by registered or certified mail of papers or notices prescribed in these rules to the last mailing address of an attorney as shown by the official records in the office of the executive director of The Florida Bar shall be sufficient notice and service unless this Court shall direct otherwise. Every attorney of another state who is permitted to practice for the purpose of a specific case before a court of record of this state may be served by registered or certified mail addressed to said attorney in care of the Florida attorney who was associated or appeared with him in the specific case for which the out-of-state attorney was permitted to practice, or addressed to said attorney at *9 any address listed by him in the pleadings in such case.
(3) DEFINITIONS. Wherever used in these rules the following words or terms shall have the meaning herein set forth unless the use thereof shall clearly indicate a different meaning:
(a) The accused or accused attorney: a member of The Florida Bar or an attorney subject to these rules under rule 11.01(11 who has been accused of misconduct or whose conduct is under investigation, but as to which conduct there has been no finding of either probable cause or no probable cause.
(b) Bar counsel: a member of The Florida Bar appointed to represent The Florida Bar in any proceeding under these rules.
(c) The Board, or the Board of Governors: the Board of Governors of The Florida Bar.
(d) Complainant or complaining witness: any person who has complained of the conduct of any member of The Florida Bar to any officer or agency of The Florida Bar.
(e) This Court, or the Court: the Supreme Court of the State of Florida.
(f) Court of this state: a state court authorized and established by the constitution or laws of the State of Florida.
(g) Executive committee: The executive committee of the Board of Governors of The Florida Bar.
(h) Executive director: the executive director of The Florida Bar.
(i) Probable cause: a finding by an authorized agency that there is cause to believe that a member of The Florida Bar is guilty of misconduct justifying disciplinary action.
(j) Referee: a judge or retired judge member of The Flor-ida Bar appointed to conduct proceedings as provided under these rules.
(k) Respondent: a member of The Florida Bar or an attorney subject to these rules under rule 11.01(11 against whom there has been a finding of probable cause.
(1)Staff counsel: an employee of The Florida Bar elsewhere authorized. When used in this rule, the term shall include associate or assistant staff counsel.
(4) PLACEMENT ON INACTIVE LIST FOR INCAPACITY NOT RELATED TO MISCONDUCT. Whenever an attorney who has not been adjudged incompetent is incapable of practicing law because of physical or mental illness, incapacity or other infirmity, he may be placed upon an inactive list and shall refrain from the practice of law for such reason even though no misconduct on his part is alleged or proved. Proceedings with a view of placing an attorney on the inactive list under this section shall be processed under article XI in the same manner as proceedings involving acts of misconduct. A member who has been placed on such inactive list may be readmitted upon application to and approval by the Board of Governors. A rejection of such petition may be reviewed by petition to the Supreme Court.
RULE 11.02: BREACHES OF DISCIPLINE
The following principles, among others expressly adopted by this Court, shall govern the conduct of members of The Florida Bar in their capacity as attorneys and shall govern all proceedings for discipline of such members: a license to practice law confers no vested right to the holder thereof, but is a conditional privilege revocable for cause. The primary purpose of discipline of attorneys is the protection of the public and the administration of justice, as well as protection of the legal profession through the discipline of members of the Bar. It is the responsibility of this Court to purge the Bar of those- unworthy to practice law in this state, and it is the obligation of The Florida Bar and the individual members thereof to give unlimited cooperation and assistance to this Court in the discharge of this responsibility. The Florida Bar is expressly delegated the authority, power, and duty to maintain high ethical standards and to take such proceedings as authorized in these rules to ensure such standards in the Bar of Florida.
*10 (1) OATH. Violation of the oath taken by an attorney to support the Constitutions of the United States and the State of Florida is ground for disciplinary action. Membership in, alliance with, or support of the Communist Party or any organization, group, or party advocating or dedicated to the overthrow of the government by violence or by any means in violation of the Constitution of the United States or constitution of this state shall be a violation of the oath.
(2) CODE OF ETHICS. Violation of the Code of Professional Responsibility as adopted by article X of the Integration Rule is a cause for discipline.
(3) MORAL CONDUCT.
(a) STANDARDS. The standards of professional conduct to be observed by members of the Bar are not limited to the observance of rules and avoidance of prohibitive acts, and the enumeration herein of certain categories of misconduct as constituting grounds for discipline shall not be deemed to be all-inclusive nor shall the failure to specify any particular act of misconduct be construed as tolerance thereof. The commission by a lawyer of any act contrary to honesty, justice, or good morals, whether the act is committed in the course of his relations as an attorney or otherwise, whether committed within or outside the State of Florida, and whether or not the act is a felony or misdemeanor, constitutes a cause for discipline.
(b) CRIME. If the alleged misconduct constitutes a felony or misdemeanor, The Florida Bar may initiate disciplinary action whether or not the accused attorney has been tried, acquitted, or convicted in a court for the alleged criminal offense; however, the Board of Governors may, in its discretion, withhold prosecution of disciplinary proceedings pending the outcome of criminal proceedings against an accused attorney ^ if-the Board believes that prosecution thereof might tend-to prejudiee-the-accused attorney-in his defense or the state in the presentation of the criminal proceedings.
(4)TRUST FUNDS AND FEES. Money or other property entrusted to an attorney for a specific purpose, including advances for costs and expenses, is held in trust and must be applied only to that purpose. Money and other property of clients coming into the hands of an attorney are not subject to counterclaim or setoff for attorney fees, and refusal to account for and deliver over such property and money upon demand shall be deemed a conversion. This is not to preclude the retention of money or other property upon which the lawyer has a valid lien for services or to preclude the payment of agreed fees from the proceeds of transactions or collections. Controversies as to the amount of fees are not grounds for disciplinary proceedings unless the amount demanded is clearly excessive, extortionate, or the demand is fraudulent.
In a controversy alleging a clearly excessive, extortionate, or fraudulent fee, announced willingness of an attorney to submit a dispute as to the amount of a fee to a competent tribunal for determination may be considered in any determination as to intent or in mitigation of discipline; provided such willingness shall not preclude admission of' any other relevant admissible evidence relating to such controversy, including evidence as to the withholding of funds or property of the client, or to other injury to the client occasioned by such controversy.
(a) TRUST ACCOUNTS REQUIRED. Any bank or savings and loan association account maintained by a member of The Florida Bar to comply with disciplinary rule 9-102 of the Code of Professional Responsibility is and shall be clearly labeled and designated as a trust account. Any safe deposit box used in connection with the practice of law in Florida, maintained by a member of The Florida Bar to comply with said disciplinary rule 9-102, shall be located in this state (unless the client otherwise consents in writing), and the member of The Florida Bar shall advise any institution in which such deposit box is located that the contents of the same may include property of clients.
*11 (b)TRUST ACCOUNTS AS OFFICIAL RECORDS. A member of The Florida Bar shall preserve or cause to be preserved the records of all bank and savings and loan association accounts or other records pertaining to the funds or property of a client maintained by him in compliance with disciplinary rule 9-102 for a period of not less than six years subsequent to the last transaction pertaining to the same or subsequent to the final conclusion of the representation of a client relative to such funds or property, whichever shall last occur. Such records shall include checkbooks, cancelled checks, check stubs, vouchers, ledgers and journals, closing statements, accountings or other statements of disbursements rendered to clients or other parties with regard to trust funds, or similar equivalent records clearly and expressly reflecting the date, amount, source, and reason for all receipts, withdrawals, deliveries, and disbursements of the funds or property of a client. All of such records shall be deemed to be kept pursuant to the Integration Rule of The Florida Bar, as a specific prerequisite to the right to receive, deliver, and disburse funds or property of a client, and to have a public aspect relating to the protection of clients and to fitness of a member of The Florida Bar to practice law. In any instance of an alleged violation by a member of The Florida Bar of this rule 11.02(4) or of any disciplinary rule of the Code of Professional Responsibility, such records insofar as they may relate in any way to the transaction, occurrence, or client in question shall be produced by the member of The Florida Bar for inspection, audit, and copying by a designated representative of The Florida Bar upon the direction of this Court or any judge of this state acting under rule 11.14 or of a grievance committee or of the Board of Governors if acting pursuant to rule 11.-05(2) or of a referee. Such records or copies thereof shall be admissible in evidence in any proceedings under this rule; provided notice of such intended use shall be given to any client involved, if practicable, unless such client is already aware of such intended use, and upon good cause shown by such client the admission of the same shall be under such conditions as shall be reasonably calculated thereafter to protect the confidences of such client in the event that the proceedings otherwise become public records pursuant to rule 11.12. Permissible means of protection shall not prejudice the respondent- or accused attorney and may include but are not limited to excision, in camera production, retention in sealed envelopes, or similar devices. Failure to maintain such records or to produce them upon such direction shall constitute grounds for disciplinary action under the Integration Rule without regard to any other matter. The cost of any audit or investigation necessitated by such failure may be taxed against a respondent.
(c) TRUST ACCOUNTING PROCEDURES. The Florida Bar shall promulgate by-laws under this rule, such by-laws and amendments thereto to be approved by this Court, prescribing minimum trust accounting records which shall be maintained and minimum trust accounting procedures which must be followed by all attorneys practicing in Florida who receive or disburse trust money or property. The minimum procedure shall require reconciliation of trust account balances at periodic intervals and the annual filing of a certificate reflecting compliance with minimum record keeping and procedural requirements. Failure to file the required certificate, the filing of a trust savings account certificate showing noncompliance with the by-laws, or the return of a trust account check for insufficient funds shall be good cause for The Florida Bar to order an audit of the trust account at the cost of the attorney audited. Other audits for cause conducted by The Florida Bar shall be at the cost of the attorney audited unless the audit reveals that the attorney was without fault and that his trust account records and procedures are in substantial compliance with the minimum requirements.
(d) TRUST SAVINGS ACCOUNTS. A member of The Florida Bar who elects to create or maintain a trust savings account shall comply with the following provisions:
*12 (i) A trust savings account may be established with any bank or savings and loan association authorized by federal or state law to do business in Florida and insured by the Federal Deposit Insurance Corporation or the Federal Savings and Loan Insurance Corporation.
(ii) Except as otherwise required by law, funds in each trust savings account shall be subject to withdrawal, or to transfer to a trust checking account, upon request and without delay. Any depository institution permitted by law to require advance notification (30 or 60 days) before allowing withdrawal of savings deposits is nonetheless eligible to act as a depository for trust savings accounts under this rule if it meets the requirements of paragraph (i) above, provided the institution has not acted to delay the withdrawal of deposited funds (other than for the clearance of deposited funds or for good cause attributable to the circumstances of the particular depositor rather than the institution’s financial needs or general policy) at any time during the past five years. An otherwise qualified institution which has not been in existence for five full years may serve as a trust savings account depository if it has met the requirements of this subsection throughout its existence.
(iii) An institution shall cease to be eligible for the receipt of trust savings funds at such time as it fails to qualify under paragraphs (i) or (ii). Any lawyer or law firm maintaining a trust savings account against which immediate withdrawal rights are refused shall immediately notify The Florida Bar Foundation, Inc. of the name and address of the depository institution and the date of such refusal.
(iv) If, pursuant to governing law or banking regulations, a depository institution requires notice in writing for an intended withdrawal not less than 30 days before such withdrawal is made, the lawyer or law firm may certify to The Florida Bar Foundation, Inc. that the client’s funds detained as a result of the depository institution’s notification requirement are needed immediately for the client’s affairs.
(A) Upon receiving such certification, the Foundation shall be authorized to advance to the certifying lawyer or law firm, from the interest earned on trust savings accounts, an amount of money necessary to meet the client’s emergency needs subject, however, to limitations expressed in subparagraph (C).
(B) Simultaneously with certification, the lawyer or law firm shall direct the depository institution in writing, with a copy to the Foundation, that upon the expiration of the notification period detained funds equal to the amount advanced by the Foundation shall be remitted directly to the Foundation.
(C) The Board of Directors of the Foundation may adopt rules of procedure reasonably necessary to implement the authority provided in subpar-agraph (A) and to assure full reimbursement of sums advanced. Periodically the Board may set dollar limitations on the amount of money which may be advanced to meet the emergency needs of any client in the event a notification requirement is imposed by a depository institution.
(v) The rate of interest payable on any trust savings account shall not be less than the rate paid by the depository institution to regular, non-attorney savings depositors. Higher rates offered by the institution to customers whose deposits exceed certain time or quantity minima, such as those offered in the form of certificates of deposit, may be obtained by a lawyer or law firm so long as there is no impairment of the right to withdraw or transfer principal immediately (except as accounts generally may be subject to statutory notification requirements), even though interest may be sacrificed thereby.
(vi) Lawyers or law firms electing to deposit client funds in a trust savings account shall direct the depository institution:
*13 (A) to remit interest or dividends, as the ease may be, on the average monthly balance in the account, at least quarterly, to The Florida Bar Foundation, Inc.;
(B) to transmit with each remittance to the Foundation a statement showing the name of the lawyer or law firm for whom the remittance is sent and the rate of interest applied; and
(C) to transmit to the depositing lawyer or law firm at the same time a report showing the amount paid to the Foundation, the rate of interest applied, the average account balance for each month of the period for which the report is made, and any remittances to the Foundation made during that period pursuant to subparagraph (iv)(B). (vii) Lawyers and law firms electing to
deposit client funds in a trust savings account shall transmit to each client for whom trust funds are now held, and to each new client for whom funds are to be held, a copy of the notice reproduced below. The Florida Bar shall print and maintain a supply of this notice, and distribute copies without charge to those who may request them. The Bar’s costs for printing and distribution shall be treated as a cost of administering the program, and shall be reimbursed to the Bar by the Foundation from interest earned on trust accounts.
IMPORTANT NOTICE TO CLIENTS
For your protection, the Florida Supreme Court requires that all funds of a client which are held by an attorney must be deposited in a trust account separate from the attorney’s, and must be kept available for immediate withdrawal. Because most clients’ funds which come into the hands of attorneys' are relatively small in amount or are to be held for relatively short periods of time, it is impractical for attorneys to establish a separate account for each client or to invest each client’s funds to earn interest. For this reason client funds are held in a common trust checking account on which the depository bank pays no interest.
Under a new program approved by the Florida Supreme Court, attorneys are now permitted to deposit clients’ common trust funds in savings accounts. Due to the expense and complexity which would attend any attempt to compute or distribute the interest attributable to each client’s funds, it is not feasible to pay to individual clients the earnings on their proportionate share of common trust savings accounts. Of course, no attorney is permitted to receive the earnings on a client’s funds, either. Rather, under the Supreme Court’s new directive, the interest income from clients’ deposits will be used to fund programs designed to benefit the general public.
The goals of the Court’s program are to improve the administration of justice in this state and to expand the delivery of legal services to the poor.
We have sent you this explanation, at the direction of the Florida Supreme Court, to advise you that we are participating in the court’s new program and that the funds you have entrusted to us for your affairs (other than attorneys’ fees) will be deposited in an interest-bearing trust savings account unless you specifically give us written instructions to the contrary. A directive not to allow such use of your funds will not produce income for you. Your funds will simply be placed in a non-interest-bearing trust checking account until needed.
(e) UNIDENTIFIABLE TRUST FUND ACCUMULATIONS AND TRUST FUNDS HELD FOR MISSING OWNERS. When an attorney’s trust account contains an unidentifiable accumulation of trust funds or property, or trust funds or property held for missing owners, such funds or property shall be so designated. Diligent search and inquiry shall then be made bv the attorney to determine the beneficial owner of anv unidentifiable accumulation or the address of anv missing owner. If the beneficial owner of an unidentified accumulation is determined, the funds shall be properly identified as his trust property. If a missing beneficial owner is located, the trust funds or property shall be paid over or delivered to the beneficial owner if he is *14 then entitled to receive the same. Trust funds and property which remain unidentifiable and funds or property which are held for missing owners after being designated as such may, after diligent search and inquiry fails to identify the beneficial owner or owner’s address, be reported to The Florida Bar with a request that The Florida Bar accept such money or property and hold the same in trust for the missing or unidentified owners and for ultimate disposition as provided in chapter 717, Florida Statutes. If The Florida Bar declines to accept the subject money or property then within one year after the money or property is designated as an unidentified accumulation or being held for missing owners the attorney shall petition the circuit court for declaration of abandoned property as provided in section 717.131, Florida Statutes, and serve a copy of the petition on The Florida Bar.
(5) SOLICITATION. The solicitation of professional employment by advertisement, runners, solicitors, investigators, or in any other manner except as authorized by controlling court decision, the Integration Rule, or the Code of Professional Responsibility shall constitute grounds for disciplinary action. Payment of compensation shall not be a necessary element of proof of solicitation.
(6) DISCIPLINE BY FOREIGN JURISDICTION. A final adjudication by a court or other authorized disciplinary agency of another jurisdiction, state or federal, in a disciplinary proceeding that an attorney licensed to practice in that jurisdiction is guilty of misconduct justifying disciplinary action shall be considered as conclusive proof of such misconduct in a disciplinary proceeding under this rule. In such cases, the adjudication of misconduct shall be sufficient basis for the filing of a complaint by The Florida Bar and assignment for hearing before a referee without a finding of probable cause under these rules.
A member of The Florida Bar disbarred or suspended from the practice of law by a court or other authorized disciplinary agency of another state or by a federal court shall within 30 days after the effective date of disbarment or suspension file with this Court a copy of the order or judgment effecting such disbarment or suspension.
RULE 11.03: DISCIPLINARY AGENCIES
The jurisdiction of the Supreme Court shall be administered in the manner hereinafter stated. The following entities are hereby designated as agencies of the Supreme Court for this purpose and with the following responsibilities, jurisdiction, and powers:
(1) THE BOARD OF GOVERNORS OF THE FLORIDA BAR. The Board of Governors of The Florida Bar is assigned the responsibility of maintaining high ethical standards among all its members. The Board of Governors of The Florida Bar shall supervise and conduct disciplinary proceedings in accordance with the provisions of these rules and by-laws of The Florida Bar not inconsistent with these rules.
(a) EXECUTIVE COMMITTEE. All acts and discretion required by the Board of Governors under these rules of discipline may be exercised by its executive committee between meetings of the Board of Governors as may from time to time be authorized by standing Board of Governors’ policies.
(b) EXECUTIVE DIRECTOR. All matters to be filed with or served upon the Board of Governors shall be addressed to the Board of Governors and filed with the executive director. The executive director shall be the custodian of the official records of The Florida Bar.
(2) GRIEVANCE COMMITTEES. There shall be such grievance committees as are herein provided, each of which shall have the authority and jurisdiction required to perform the functions hereinafter assigned to it and which shall be constituted and appointed as follows:
(a) CIRCUIT GRIEVANCE COMMITTEES. There shall be not less than one grievance committee in each judicial circuit of this state and as many more in each judicial circuit as shall be found desirable by the Board of Governors. Such commit *15 tees shall be designated as Judicial Circuit Grievance Committees, and in circuits having more than one committee they shall be identified by alphabetical designation in the order of creation such as “First Judicial Circuit Grievance Committee ‘A’,” “First Judicial Circuit Grievance Committee ‘B’,” and so forth. Such committees shall be continuing bodies, notwithstanding changes in membership, and they shall have jurisdiction and the power to proceed in all matters properly before them.
(b) SPECIAL GRIEVANCE COMMITTEES. The Board of Governors may from time to time appoint special grievance committees for the purpose of such investigations as may be assigned in accordance with these rules. Such committees shall continue only until the completion of tasks assigned, and they shall have jurisdiction and power to proceed in all matters so assigned to them. All provisions concerning grievance committees shall be applicable to special grievance committees except those concerning terms of office and other restrictions thereon as may be imposed by the Board of Governors. Any vacancies occurring in such a committee shall be filled by the Board of Governors, and such changes in members shall not affect the jurisdiction and power of the committee to proceed in all matters properly before it.
(c) MEMBERSHIP, APPOINTMENT AND ELIGIBILITY. Each grievance committee shall be appointed by the Board of Governors and shall consist of not less than three members, of — T-he Florida Bar, each of whom shall have-been a member — of--The Florida Bar for not loss than five years. At least one-third of the committee members shall be nonlawvers. All appointees shall be of legal age and shall be residents of the circuit or have their principal office in the circuit. The lawyer members of the committee shall have been members of The Florida Bar for not less than five years.
(d) TERMS. The terms of the members shall begin on the first day of July and shall end on the next succeeding 30th day of June or until such time as their successors are appointed and qualified. Continuous service of a member shall not exceed three years, nor shall any member be reappointed for a period of three years after the end of his term; provided, however, the expiration of the term of any member shall not disqualify such member from concluding any investigation then pending before him. The-limitation-on--continuous-ser-vice-shall be-applicable to terms commencing- after June-30r 1970.
(e) OFFICERS. There shall be a chairman designated by the Board of Governors and a vice-chairman and secretary designated by the chairman of each committee. The chairman and vice-chairman shall be members of The Florida Bar.
(f) OATH. Each new member of a committee shall subscribe to an oath to fulfill the duties of his office. ' Such oaths shall be filed with the executive director and placed with the official records of The Florida Bar.
(g) REMOVAL. Any member may be removed from his office by the Board of Governors.
(h) QUORUM, VOTE. Not less than three members, one of whom must be the chairman or vice-chairman and another of whom must be a lawyer, shall constitute a quorum. All findings of probable cause and recommendations of guilt of minor misconduct shall be made by affirmative vote of a majority of the committee members present, which majority must number at least two members. The number of committee members voting for or against the committee report shall be reflected in the report. Minority reports may be filed.
(3) REFEREES. — The-Board of-Governors shall annually or as often as necessary reeommend members of The Florida Bar to this-court-to-act as referees in disciplinary proceedings. — This court will certify-annually or as often as neeessary-a-panel-of those Supreme-Court, district court of- appeal- and circuit-judges- shall-be eligible, -with-their consen-V-to-serve as referee.
(3) REFEREES. The chief justice shall have the power to appoint referees to try disciplinary cases and to delegate to a chief *16 judge of a judicial circuit the power to appoint referees for duty in his respective circuit. Such appointees shall ordinarily be active county or circuit judges, but the chief justice mav appoint retired judges.
(4) STAFF COUNSEL. The Board of Governors may employ staff counsel and assistant staff counsel for The Florida Bar to perform such duties under the direction of the executive director as may be assigned.
(5) BAR COUNSEL. The Board of Governors from time to time Staff counsel shall mav designate a panel or panels of members of The Florida Bar to serve as bar counsel to represent The Florida Bar in such disciplinary proceedings, as the Board of Governors may direct. Bar counsel shall not be a member of the Board of GovernorsT or of a grievance committee or a member of the panel of roforoes, except that a member of the Board of Governors may represent The Florida Bar on any review proceeding under rule 11.09. Bar counsel mav be compensated in accordance with budgetary policies adopted bv the Board of Governors.
(6) JURISDICTION AND POWERS. The Board of Governors, grievance committees, and referees have such jurisdiction and powers as are necessary to conduct the proper and speedy disposition of any investigation or cause, including the power to compel the attendance of witnesses, to take or cause to be taken the deposition of witnesses and to order the production of books, records or other documentary evidence. Each member of such agencies has power to administer oaths and affirmations to witnesses in any matter within the jurisdiction of the agency.
(7) DISQUALIFICATION AS TRIER AND ATTORNEY FOR RESPONDENT. No member or former member of the Board of Governors and no employee or former employee of The Florida Bar shall represent any party other than The Florida Bar in proceedings provided for in these rules until at least three years from the date of expiration of the term for which he was appointed or elected or subsequent to the date of the termination of his employment; nor shall any member or former member of any grievance committee represent an accused attorney or act as referee in any such proceeding during the term for which he was appointed and for one year thereafter; nor in any case shall a member or former member of a grievance committee or a referee represent an accused attorney or act as bar counsel in any proceeding investigated or heard to any extent before him in such offices.
(8)STAFF COUNSEL AND GRIEVANCE COMMITTEE CHAIRMAN DETERMINATIONS OF NO PROBABLE CAUSE. If staff counsel and a grievance committee chairman concur in a finding of no probable cause the complaint may be closed on such finding without reference to a grievance committee.
(91 COURT REPORTERS. Court reporters who are full- or part-time employees of The Florida Bar mav be appointed to report anv disciplinary proceeding. If the accused or respondent attorney objects at least 48 hours in advance of the matter to be recorded. an independent contract reporter mav be retained. Reasonable costs for court reporter service mav be taxed to a respondent or accused for payment to The Florida Bar.
RULE 11.04: GRIEVANCE COMMITTEE FUNCTION AND PROCEDURE
(1) PURPOSE. The purpose and function of a grievance committee is to conduct investigations of alleged misconduct of a member of The Florida Bar justifying disciplinary action and to determine whether or not to make a finding of probable cause. A grievance committee may recommend discipline for minor misconduct.
(2) PROCEEDINGS.
(a) INVESTIGATION. A grievance committee is required to consider all charges of misconduct forwarded to the committee bv staff counsel whether based upon a written complaint or not. All written charges of misconduct received bv a committee member from a source other than staff counsel shall within 10 days be *17 forwarded to staff counsel for docketing and other appropriate action unless the committee member receiving the complaint satisfies the complainant within the 10-day period that formal investigation of the complaint is not required. Formal inveatigation bv a grievance committee mav proceed after the matter haa been referred to staff counsel for docketing.
(b) NONADVERSARY. The proceedings of such grievance committees may be informal and shall not assume the character of an adversary proceeding. The committee shall not be bound by the rules of evidence.
(c) NO DELAY FOR CIVIL OR CRIMINAL PROCEEDINGS. An investigation shall not be deferred or suspended without the approval of the Board of Governors even though the accused is made a party of civil litigation or is a defendant or is acquitted in a criminal action, notwithstanding that either of such proceedings involves the subject matter of the investigation. The acquittal of an accused in a criminal proceeding shall not necessarily be a bar to disciplinary proceedings nor shall the findings, judgment, or decree of any court in civil proceedings necessarily be binding in disciplinary proceedings.
(d) MEETINGS. Grievance committees shall meet at regularly scheduled times, not less frequently than quarterly each year, and either the chairman or secretary vice-chairman may call special meetings.
(e) BAR COUNSEL. — A grievance committee-may - request the -president ■ of — The Florida Bar to appoint-bar-counsel at any stage of-am-investigation to-assist-the-grievance committee.
(e) COUNSEL AND INVESTIGATORS. Upon request of a grievance committee. staff counsel mav appoint a bar counsel or an investigator to assist the committee in an investigation. Staff counsel shall assist each grievance committee in carrying out its investigative and administrative duties and shall prepare status reports for the committee, notify complainants and accused attorneys of committee actions as appropriate. and prepare all reports reflecting committee findings of probable cause, no probable cause, recommended discipline for minor misconduct, and admonishments after no probable cause findings.
(3) THE ACCUSED. The accused attorney may be required to testify and to produce evidence as any other witness unless he claims a privilege or right properly available to him under applicable federal or state law, and when so required he may be accompanied by counsel. Before any finding of probable cause or private reprimand is made, the accused shall be advised in general terms the nature of the conduct which is being investigated, and he shall be given an opportunity to make a statement personally or by counsel, verbally or in writing, sworn or unsworn, explaining, refuting or admitting the alleged misconduct. Unless found to be impractical by the chairman of the grievance committee due to unreasonable delay or other good cause, the accused shall be granted the right to be present at any grievance committee hearing when evidence is to be presented to the committee, to face his accuser, to call witnesses, and to cross-examine, subject to reasonable limitation.
(4) TESTIMONY OF WITNESSES; CONTEMPT. Unless he claims a privilege or right properly available to him under applicable law, the accused attorney or any other person who is subpoenaed to appear and give testimony or produce books, papers, or documents, and who refuses to appear or produce such books, papers, or documents, before the grievance committee or who, having been duly sworn to testify, refuses to answer any proper question, may be cited for contempt of this Court. Any contempt proceedings instituted or prosecuted during the progress of an investigation or trial covered by the confidential rule shall be conducted in a manner consistent with such rule and shall not be made public except under conditions prescribed in such rule.
(5) COMPLAINANT OR COMPLAINING WITNESS. The complainant or complaining witness is not a party to the disciplinary proceeding and shall have no right *18 to be present during the grievance committee proceedings except when called to give evidence and, when so called, may be accompanied by counsel. Neither the complainant nor his counsel shall have the right of confrontation or cross-examination of the accused or any other witness. Neither unwillingness or neglect of the complaining witness to cooperate, nor settlement, compromise, or restitution will excuse the completion of an investigation. The complaining witness shall have no right of appeal.
(6) RECORD AND REPORT OF GRIEVANCE COMMITTEE.
(a) NO FINDING OF PROBABLE CAUSE. If a grievance committee, upon termination of its investigation, does not find probable cause, the committee shall dispose of its file in the manner directed by the Board of Governors. If the grievance committee has notified the accused of the investigation, then the committee shall notify the accused of the action of the committee. The failure of a grievance committee to find probable cause shall not preclude further proceedings. A committee mav admonish an accused attorney to improve a particular aspect of his practice even though no ethical violation has been found. An admonishment does not constitute a disciplinary record against an attorney and is not subject to appeal by the admonished attorney.
(b) FINDINGS OF PROBABLE CAUSE. If a grievance committee finds probable cause, the staff counsel assigned to the committee shall promptly prepare a record of its investigation and a roport formal complaint and file the same with the executive director, the report proceedings being filed in duplicate. The formal complaint shall be signed by the chairman or vice-chairman of the committee who participated in the proceeding. The record and report formal complaint shall be in such form and with sueh-content as shall be prescribed by the Board of Governors. Such record and report formal complaint shall be reviewed promptly by staff counsel. Should staff counsel question the grievance committee’s finding of probable cause formal complaint, further proceedings shall be suspended and the matter referred to the Board of Governors, or returned — to-the grievance committee -for furthor action. Staff counsel mav also return a formal complaint to a grievance committee to remedy technical deficiencies in the complaint. When a finding of probable cause formal complaint by a grievance committee is not referred to the Board of Governors or returned to the grievance committee for further action, the executive director staff counsel shall furnish a copy of the report formal complaint to the accused respondent, and a copy of the record shall be made available to the aceused respondent at his expense.
(c)DISCIPLINE OF MINOR MISCONDUCT.
(i) If a grievance committee finds an accused guilty of minor misconduct or if an accused shall admit his guilt of minor misconduct by a writing filed with a grievance committee, the grievance committee may enter recommend an order providing for a private reprimand and for the taxing of costs against him. The report ordering recommending a private reprimand shall be forwarded through a Board of Governors member for-the circuit to staff counsel for review. If staff counsel does not return the report to the grievance committee to remedy a defect therein, he shall present the same to the Board of Governors or executive committee with his recommendations. If the report of a grievance committee imposing recommending a private reprimand is approved by the Board of Governors or executive committee, the report shall then be served on the accused by the executive director or staff counsel. The order of private reprimand shall become final unless rejected by the accused attorney within fifteen days after service upon him. If rejected by the accused, the report shall be referred to bar counsel and referee for trial on complaint to be prepared by bar staff counsel as in the case of a finding of probable cause. The Board of Governors mav order an accused attorney to appear before *19 the board for administration of a private reprimand.
(ii) Minor misconduct for which a recommendation of a private reprimand by — a grievance-committee might be appropriate is a relative rather than a precise term. In the absence of unusual circumstances expressly described in detail in the grievance committee report, misconduct shall not be regarded as minor if any of the following conditions exist:
(A) The accused has been disciplined by private reprimand more than once in the preceding 10 years.
(B) The accused has been disciplined by a measure more severe than a private reprimand in the past 10 years.
(C) The accused is the subject of other pending disciplinary proceedings at the time of the order.
(D) The misconduct involves any of the following: dishonesty, misrepresentation, deceit, fraud, commission of a felony, failure to account for money or property, performance of the offending act with knowledge and intent that such would breach the standards of ethical and professional conduct, and misconduct similar to that for which the accused has been previously punished.
RULE 11.05: BOARD OF GOVERNORS FUNCTION AND PROCEDURE
Except as provided in rule 11.02161. Nno formal complaint shall be filed by The Florida Bar in disciplinary proceedings against a member of the bar unless either a grievance committee or the Board of Governors shall first find probable cause exists to believe that the accused is guilty of misconduct justifying disciplinary action or unless the accused has been determined or adjudged to be guilty of the commission of a felony. The finding of probable cause shall be made by a grievance committee as here-inbefore provided or by the Board of Governors as hereinafter provided.
(1)REVIEW OF GRIEVANCE COMMITTEE REPORT. Whenever a grievance matter is referred to the Board of Governors by staff counsel, the board shall promptly review the record and report formal complaint filed by the grievance committee and may either issue a private reprimand which the accused may thereafter reject in the same manner as a private reprimand recommended by a grievance committee, confirm the finding of--probable cause formal complaint, reverse the grievance committee and find no probable cause, or return the record and report formal complaint to the grievance committee for further proceedings. If the Board of Governors shall find no probable cause, the executive director staff counsel shall notify the accused attorney, the grievance committee, and may.notify the complaining witness. When a grievance committee report imposing recommending a private reprimand has been referred to it, the Board of Governors or executive committee may affirm the reprimand, find probable cause and direct the filing of a formal complaint, or find no probable cause.
(2) FINDING OF PROBABLE CAUSE. The Board of Governors of The Florida Bar, sua sponte or on the basis of the report of any regular or special grievance committee or on the recommendation and report of bar counsel, may, by majority vote, find probable cause and direct the filing of a formal complaint against an attorney as hereinafter provided. Provided, however, that if such finding is not based upon grievance committee investigation or report of bar counsel in pending proceedings against the accused, then before such finding is made the accused shall be advised in general terms the nature of the conduct which is being considered, and he shall be given an opportunity to make a statement, personally or by counsel, verbally or in writing, sworn or unsworn, explaining, refuting, or admitting the alleged misconduct. The accused shall have no right to present other testimony or evidence, and he shall have no right of confrontation or cross-examination.
(3) FINDING OF NO PROBABLE CAUSE. A finding of no probable cause by the Board of Governors shall be final, and after such finding no further proceedings shall be had in the matter by The Florida Bar.
*20 (4) APPOINTMENT OF BAR COUNSEL. When a grievance committee finding of probable causo formal complaint is not referred to the Board of Governors or returned to the grievance committee, the executive director staff counsel at The Florida Bar Headquarters in Tallahassee shad may request the Presidont of The Florida Bar appoint bar counsel unless bar counsel has been appointed, and sign the complaint, and file the same in the Supreme Court, serve a copy on the respondent, and request the Supreme Court and to assign a referee to try the cause. The President of The Florida Bar will exoroiso his discretion in making the appointment. If probable cause is found by the Board of Governors, and bar counsel or the refereo has not boon appointed, the appointment may be made by the Board of Governors, staff counsel will prepare the formal complaint.
(5) CONTROL OF PROCEEDINGS. Bar counsel, however appointed, at all times shall be subject to the direction of the Board of Governors. In the exercise of its discretion as the governing body of The Florida Bar, the Board, of Governors at all times prior to the receipt of evidence bv the referee has the power to terminate disciplinary proceedings before a referee, whether such proceedings have been instituted upon a finding of probable cause by the Board of Governors or a grievance committee. The Board may defer or withhold prosooution when, in the-opinion of the Board, further proco odings-weuld not be in the intorest of the public or The Florida Bar.
(^-RECORD BOARD V-O-T-ING. Whenever requested by- a member of the Board of Governors who is present to vote, the numerical votes of tho Board for, against or abstaining on a disciplinary question before the Board shall bo recorded in the minutes of the mooting.
RULE 11.06: TRIAL BY REFEREE
When a finding has been made by a grievance committee or by the Board of Governors that there is cause to believe that a member of The Florida Bar is guilty of misconduct justifying disciplinary action, and the formal complaint based on such finding of probable cause has been assigned bv the chief justice for trial before a referee, the proceeding thereafter shall be an adversary proceeding in which .the accused is the respondent and which shall be conducted as follows:
(1) VENUE. The trial shall be held in the county in which an alleged offense occurred, or in the county where the respondent resides or practices law or last practiced law in Florida, whichever shall be designated by the agency finding probable cause Supreme Court, provided, however, that if the respondent is not a resident of Florida and if the alleged offense is not committed in Florida, the trial shall be held in a county designated by the agency finding probable cause chief justice-, and provided further-that the trial may be-held in any county- by- agreement of the parties.
(2) STYLE OF PROCEEDINGS. All proceedings instituted by The Florida Bar shall be styled “The Florida Bar, complainant, v. (name of respondent), respondent” and “In the Supreme Court of Florida Before a Referee.”
(3) NATURE OF PROCEEDINGS.
(a) ADMINISTRATIVE IN CHARACTER. A disciplinary proceeding is neither civil nor criminal but is a quasi-judicial administrative proceeding. The Florida Rules of Civil Procedure apply except as otherwise provided in the Integration Rule.
(b) DISCOVERY. Discovery shall be available to the parties in accordance with the Florida Rules of Civil Procedure.
(4) BAR COUNSEL. Bar counsel shall make such investigation as in his opinion is necessary and shall prepare and prosecute with utmost diligence any case assigned to him. Assistant bar counsel shall serve under the general supervision of bar counsel.
(5) PLEADINGS. Pleadings may be informal and shall comply with the following requirements:
(a) COMPLAINT; CONSOLIDATION AND SEVERANCE.
*21 (i) FILING. The complaint against the respondent shall be filed by-bar counsel not later than 30 days after appointment-of — a—referee unless the complaint has been previously prepared and filed by staff counsel in the Supreme Court.
(ii) CONTENT. The complaint shall set forth the particular act or acts of conduct for which the attorney is sought to be disciplined.'
(iii) JOINDER OF CHARGES AND RESPONDENTS; SEVERANCE. A complaint may embrace any number of charges against one or more respondents, and charges may be against any one or any number of respondents; but a severance may be granted by the referee when the ends of justice require it.
(b) ANSWER AND MOTION. Respondent may answer the complaint and, as a part thereof or by separate motion, may challenge only the sufficiency of the complaint, and the jurisdiction of the forum, and the issue of confidentiality as provided in (d) below. All other defenses shall be incorporated in respondent’s answer. All pleadings of the respondent must be filed within 20 days of service of a copy of the complaint upon him.
(c) REPLY. If respondent’s answer shall contain any new matter or affirmative defense, a reply thereto may be filed within 10 days of the date of service of a copy upon bar counsel, but failure to file such a reply shall not prejudice The Florida Bar. All affirmative allegations in the respondent’s answer shall be considered as denied by The Florida Bar.
(d) DISPOSITION OF MOTIONS. Hearings upon motions may be deferred until the final hearing; and, whenever heard, rulings thereon may be reserved until termination of the final hearing, but a motion to maintain confidential status for the protection of a client which is filed within 20 days after service of the complaint on the respondent shall be decided before trial and the proceedings shall remain confidential until an order is issued on the motion.
(e) FILING AND SERVICE OF PLEADINGS.
(i) PRIOR TO APPOINTMENT OF REFEREE. Any pleadings filed in a case prior to appointment of a referee shall be filed with the executive' director Supreme Court in quadruplicate and shall bear a certificate of service showing parties upon whom service of copies has been made. On appointment of referee, the executive direotor Supreme Court shall notify the parties of such appointment and forward all pleadings theretofore filed with him the Court to the referee for action.
(ii) AFTER APPOINTMENT OF REFEREE. All pleadings, motions, notices, and orders filed after appointment of a referee shall be filed with the referee and shall bear a certificate of service showing service of a copy on the staff counsel of The Florida Bar and on all interested parties to the proceedings.
(f) AMENDMENT. Pleadings may be amended by order of the referee, and a reasonable time shall be given within which to respond thereto.
(g) EXPEDITING THE TRIAL. If it shall be made to appear that the date of final hearing should be expedited in the public interest, the referee may, in his discretion, shorten the time for filing pleadings and the notice requirements as provided in this rule.
(h) DISQUALIFICATION OF REFEREE. Upon motion of either party, a referee may be disqualified from service in the same manner and to the same extent that a circuit trial judge may be disqualified under existing law from acting in a judicial capacity. In the event of disqualification, the Board of Governors chief justice shall appoint a successor.
(6) NOTICE OF FINAL HEARING. The cause may be set down for trial by either party or the referee upon not less than 10 days notice. The trial shall be held as soon as possible following the expiration of 10 days from the filing of respondent’s answer, or if no answer is filed, then from the date when such answer is due.
*22 (7) THE RESPONDENT. Unless he claims a privilege or right properly available to him under applicable federal or state law, the respondent may be called as a witness by The Florida Bar to make specific and complete disclosure of all matters material to the issues. When the respondent attorney is subpoenaed to appear and give testimony or to produce books, papers, or documents, and he refuses to appear or to produce such books, papers, or documents, or, having been duly sworn to testify, he refuses to answer any proper question, he may be cited for contempt of the court.
(8) COMPLAINING WITNESS. The complaining witness shall have no right other than those of any other witness; he has no right to be present during a hearing or trial, but he may be called upon to testify and produce evidence as any other witness. Neither unwillingness or neglect of the complaining witness to cooperate, nor settlement, compromise, or restitution will excuse failure to complete any trial.
(9) REFEREE’S REPORT.
(a) CONTENTS OF REPORT. Within 30 days after the conclusion of a trial before a referee or 10 days after the referee receives the transcripts of all hearings, whichever is later, or within such extended period of time as may be allowed by the President-of The-Florida Bar chief justice for good cause shown, the referee shall make a report and enter it as part of the record, but failure to enter the report in the time prescribed shall not deprive the referee of jurisdiction. The referee’s report shall include (1) a finding of fact as to each item of misconduct of which the respondent is charged, which findings of fact shall enjoy the same presumption of correctness as the judgment of the trier of fact in a civil proceeding; (2) recommendations as to whether or not the respondent should be found guilty of misconduct justifying disciplinary measures; (3) recommendations as to the disciplinary measures to be applied; (4) a statement of any past disciplinary measures as to the respondent which are on record with the executive director of The Florida Bar or which otherwise become known to the referee through evidence properly admitted by the referee during the course of the proceedings. After a finding of guilt, all evidence of prior disciplinary measures may be offered by bar counsel subject to appropriate objection or explanation by respondent; and (5) a statement of costs of the proceedings and recommendations as to the manner in which costs should be taxed. The costs shall include court reporters’ fees, copy costs, witness fees and traveling expenses, and reasonable traveling and out-of-pocket expenses of the referee and bar counsel, if any. Costs shall also include a $50 charge for administrative costs at the grievance committee level and a $50 charge for administrative costs at the referee level. Costs taxed shall be payable to The Florida Bar.
(b) FILING. The referee’s report and record of proceedings shall in all cases be transmitted together to the executive director-ef-The Florida Bar Supreme Court for appropriate filing. — Staff counsel of The Florida Bar may return the report to the referee for corrections or-for completion -of an incomplete report and shall furnish Bar oounsol and tho respondent copies of his letter returning the report, — Bar counsel and respondent shall have 15 days from the date of the Staff Counsel letter to request a hearing - before the roferee on the subject mattor of the letter. — A -r-eferee’s report and roeord which contains a binding of guilt and a recommendation of public reprimand, suspension from practice or-disbarment shall bo filed promptly by the-Executive Director or Staff Counsol directly in the Supreme Court and shall thereafter be subject -to review -by either party -as-hereinaftor provided. — A referee’s roport containing a finding of not guilty or a finding of guilty with a recommendation of private reprimand shall not be filed in the Supreme Court unless review is sought-as hereinafter provided. — The Executive Director or Staff Counsel shall serve copies of tho roport on the parties. Copies of the report shall be served on the parties including the staff counsel of The Florida Bar. The referee shall serve a copy of the record on staff *23 counsel with the report. Staff counsel will make a copy of the record as furnished to him available to other parties on request and payment of the actual costs of reproduction.
(e) -ACTION BY THE BOARD OF GOVERNORS.
(1) If tho report of tho referee contains-a- finding of not guilty, the Board of Governors may either concur in such finding and dismiss -the charges, find the respondent guilty of miseonduet-and issue a private reprimand, or find-the respondent guilty and dosorving- of a public reprimand, suspension or disbarment and seek review of tho finding of the referee in the Supremo Court as provided in Rulo 11.09. — If the report of the-referee-contains a finding of guilty and-a-recommendation or private reprimand;- the board may either find 4he respondent not guilty and dismiss tho-charges, concur with tho referee and issue-a private reprimand, or seek review of the rocommended discipline in tho Supreme Court as provided in Rule -11.09.
(ii) If the Board of Governors disagrees with a referee’s report finding the respondent guilty which has been filed directly in.tho Supreme Court as provided in Rule 11.06(9)(b), tho Board shall havo the right to filo a motion in the Supremo Court to havo the oharges-dismissed.
(iii)-I-f- the Board of Governors disagrees with tho discipline recommended in a-referee’s report finding the respondent guilty, the Board may seek review in the Supremo Court as provided in Rule 11.09.
(10) THE RECORD.
(a) REPORTING OF TESTIMONY. All hearings at which testimony is presented shall be reported, and the transcript of the testimony shall be filed in the cause.
(b) CONTENTS. The record shall include all items properly filed in the cause including pleadings, transcript of testimony, exhibits in evidence, and the report of the referee.
(11) PLEA OF GUILTY BY ACCUSED OR RESPONDENT. At any time during the progress of disciplinary proceedings an accused attorney or respondent may tender a plea of guilty.
(a) BEFORE FILING OF COMPLAINT. If the plea is tendered before filing of a complaint by bar staff counsel, such plea shall be tendered in writing to the Board of Governors grievance committee. The Board may direct-such further investigation as is warranted and-formulate charges and serve such charges upon the accused so-that he may enter his-plea-of guilty thereto in writing by filing the same with the executive director within — 10.days—thereafter^ Thereafter the Board of-Governors-shall consider the oharges and either-order a private reprimand or petition the Supreme Court for entry of judgment imposing other discipline.
(b) AFTER FILING OF COMPLAINT. If the complaint has been filed against the respondent, by bar counsel he may enter a plea of guilty thereto by filing the same in writing with the referee to whom the cause has been assigned for trial. Such referee shall take such testimony in relation thereto as he may be advised, following which he will enter his report as otherwise provided.
(c) UNCONDITIONAL. An unconditional plea of guilty shall not preclude review as to disciplinary measures imposed.
(d) PROCEDURE. Except as herein provided, all procedure in relation to disposition of the cause on pleas of guilty shall be as elsewhere provided in these rules.
(12) PRIVATE REPRIMAND, — A private reprimand ordered by the Board of Governors-shall-bo administorod so as not to ■violate-the-rule concerning the confidential nature of disciplinary procoodingS: — Due notice shall be given to the respondent of any hearing to administer tho roprimand. — The respondent shall appear personally, if required, anda memorandum of-the hearing shall be made a part of tho record of the proceeding. — When personal appearance of the respondent is not required, administration of the reprimand will be accomplished by letter-from-the President of The Florida Bar--to the respondent. — Such letter -may *24 incorporate the report of the — referee by reference -as- the reprimand or a separate order of private reprimand may-be-signed by the-President and sorvod on the respondent-with such letter.
RULE 11.07: DISCIPLINE UPON CONVICTION
(1) DETERMINATION OR JUDGMENT OF GUILT. Determination or judgment of guilt of a member of The Florida Bar by a court of competent jurisdiction upon trial or plea of any crime or offense that is a felony under the laws of this state, or under the laws under which any other court making such determination or entering such judgment exercises its jurisdiction, shall be conclusive proof of the guilt of the offense charged for the purposes of these rules. Upon such determination or entry of such judgment of guilt by any court of this state, the judge or the clerk thereof shall transmit a certified copy of such determination or judgment to the clerk of this Court and to the executive director of The Florida Bar.
(2) SUSPENSION BY JUDGMENT (FLORIDA). If such judgment of guilt is entered by a court of the State of Florida, the convicted attorney shall stand suspended as a member of The Florida Bar on the eleventh day following the entry of the judgment, unless he shall before that day file a petition with the Supreme Court to modify or terminate such suspension as elsewhere provided. If such petition is filed on or before the tenth day following the entry of the judgment, the suspension will be thereby deferred until entry of an order upon the petition.
(a)PETITION TO MODIFY OR TERMINATE SUSPENSION. At any time after the entry of a judgment of guilt, the convicted attorney may file a petition with the Supreme Court to modify or terminate such suspension and shall serve a copy thereof upon the executive director.
A-n-opportunity to respond to-the petition and appear at any hearing on the-petition shall be afforded to The Florida Bar. If such petition is filed after the tenth day following the entry of judgment of guilt, the suspension shall remain in effect pending disposition of the petition. An opportunity to respond to the petition and appear at any hearing on the petition shall be afforded to The Florida Bar. Modification or termination of suspension shall be granted only upon a showing of good cause.
(b) CONTINUATION OF SUSPENSION UNTIL FINAL DISPOSITION. If an appeal is taken by the convicted attorney from the judgment of the trial court in the criminal proceeding and on review the cause is remanded for further proceedings, the suspension shall remain in effect until the final, disposition of the criminal cause, unless modified or terminated by the Supreme Court as elsewhere provided.
(c) TERMINATION OF SUSPENSION. Such suspension shall continue until final disposition of the criminal cause unless sooner terminated by order of the Supreme Court as elsewhere provided. A final disposition of the criminal cause resulting in acquittal will terminate the suspension. A final termination of the criminal cause, resulting in a determination or judgment of guilt, shall continue the suspension until expiration of all periods for appeal and rehearing and until after termination of disciplinary proceedings by The Florida Bar as elsewhere provided.
(3)SUSPENSION BY JUDGMENT (OTHER THAN BY STATE COURT). If any such determination or judgment of guilt is entered by any court other than a court of the State of Florida, the convicted attorney shall stand suspended as a member of The Florida Bar on the eleventh day following the filing with the clerk of the Supreme Court of a certified copy of such determination or judgment, accompánied by proof of service of notice of such filing upon the convicted attorney; provided, however, that if the convicted attorney shall, prior to the eleventh day, file a petition with the Supreme Court to modify or terminate the suspension, then the suspension will be deferred until entry of an order upon the petition.
*25 (4)DISCIPLINARY JUDGMENT AFTER CONVICTION. If a determination or judgment of guilt of a felony is entered against a member of The Florida Bar and becomes final without appeal or by affirmance on appeal, such judgment shall be conclusive proof of the guilt of the offense charged. Unless the Supreme Court permits an earlier application for reinstatement. the suspension imposed on the conviction shall, after final conviction, remain in effect for three years and thereafter until civil rights have been restored and until the convicted attorney is reinstated under the rule herein provided for reinstatement, or The Florida Bar may, at any time after final conviction, initiate a disciplinary action against the convicted attorney if deemed advisable.
RULE 11.08: RESIGNATION PENDING DISCIPLINARY PROCEEDINGS
An attorney may resign from The Florida Bar during the progress of disciplinary proceedings against him in the following manner:
(1) DEFINITION. If a disciplinary agency is investigating the conduct of an attorney, or if such an agency has recommended probable cause, then disciplinary proceedings shall be deemed to be pending and the resignation shall be made pursuant to this rule.
(2) PETITION FOR LEAVE TO RESIGN. The petition for leave to resign shall be filed with the Supreme Court and shall contain a statement of all past and pending disciplinary actions and criminal proceedings against the petitioner. Such statement shall describe the charges made or under investigation for professional misconduct, results of past proceedings, and the status of pending investigations and proceedings. A copy of the petition shall be served upon the executive director of The Florida Bar.
(3) JUDGMENT. Within 60 days after filing and service of the petition The Florida Bar may file with the Supreme Court its response to the petition either supporting or opposing the petition for leave to resign. A copy of the response shall be served upon petitioner. The Supreme Court shall consider the petition, any response thereto, and the charges against the accused. If it has been shown by the petitioner in a proper and competent manner that the public interest will not be adversely affected by the granting of the petition and that such will not adversely affect the purity of the courts nor hinder the administration of justice nor the confidence of the public in the legal profession, the Supreme Court shall enter an appropriate judgment granting leave to resign; otherwise, the petition shall be denied. If the judgment grants to the petitioner leave to resign, the judgment may require that the resignation be subject to appropiiate conditions.
(4) DELAY OF DISCIPLINARY PROCEEDINGS. The filing of a petition for leave to resign pending disciplinary proceedings shall not stay the progress of the disciplinary proceedings without the approval of the Board of Governors or. if a referee has been appointed and evidence been taken, then the approval of the referee.
(5) If resignation is accepted under this rule, such resignation shall serve to dismiss all pending disciplinary cases. The resigned attorney may be again admitted to the Bar upon application to and approval by the Board of Governors and upon full compliance with any conditions required by the judgment which granted the leave to resign. A rejection of such application may be reviewed by petition to the Supreme Court.
(6) In the case of a resignation submitted in connection with a disciplinary action, no readmission application may be filed until three years after the date of the Supreme Court order which accepted such resignation or such additional time as the attorney mav have stated in his petition to resign. nor until all costs in disciplinary cases that were dismissed because of the resignation have been paid by the applicant for readmission. If an attorney’s petition to resign states that it is without leave to apply for readmission permanently, such condition shall preclude any readmission.
*26 RULE 11.09; REVIEW BY SUPREME COURT
All reports of a referee and all judgments entered in proceedings under these rules shall be subject to review by the Supreme Court in the following manner:
(1) RIGHT OF REVIEW. Any party to a proceeding may procure review of a report of a referee or a judgment, or any specified portion thereof, entered under the Integration Rule.
(2) APPOINTMENT OF BAR COUNSEL. The Board of Governors or staff counsel, if authorized bv the Board of Governors. may appoint new or additional bar counsel to represent The Florida Bar on any review.
(3) PROCEDURE FOR REVIEW. Review by the Supreme Court shall be in accordance with the following procedure:
(a) Proceedings for review shall be commenced within 30 days after the mailing date of a letter from the executive director or staff counsel referee serving a copy of the referee report on the respondent and The Florida Bar. The proceeding shall be commenced by filing with the Supreme Court a petition for review, specifying those portions of the report of a referee sought to be reviewed. Within 10 days after service of such petition, the opposing party may file a cross-petition for review specifying any additional portion of the report or judgment which said party desires reviewed. The filing of such petition or cross-petition shall be jurisdictional as to a review to be procured as a matter of right, but the Court may, in its discretion, consider a late-filed petition or cross-petition upon a showing of good cause.
(b) RECORD ON REVIEW. A referee’s report containing a finding of guilt and a recommendation of public- reprimand, suspension or disbarment shall-be filed by tho executive director of-T-he Florida Bar directly in-the Supreme Court accompanied by the record of proceedings. When review sought is of a referee’s report-whieh has not been filed in tho court-or from-action by the Beard-of Governors based thereon, tho referee’s roport and record of proceedings shall be promptly filed in the Supreme -Court by the executive direotor of The Florida Bar upon-the filing of a petition for review. — If the review sought is-of an order or judgment from-a-circuit court, the clerk of the court shall-forward the entire record-to-the Supremo Court within 10 -days — after—the filing- with such clerk-of a copy of the petition for review, or within 10 days after the filing--of ■ the transcript of testimony? whichever shall last occur. The report and record filed bv the referee shall constitute the record on review.
(c) BRIEFS. The party first seeking review shall file a brief in support of the petition for review at the time of the filing of the petition. The opposing party shall file an answering brief within 20 days after the service of the brief of the party seeking review, which answering brief shall also support any cross-petition for review. The party originally seeking petition for review may file a reply brief within 10 days after the service of the answering brief.
(d) ORAL ARGUMENT. Request for oral argument shall be filed in every case wherein a petition for review is filed at the time of filing the first brief. If no request is filed, the case will be disposed of without oral argument unless the Court orders otherwise.
(e) BURDEN. Upon review, the burden shall be upon the party seeking review to demonstrate that a report of a referee er-a judgment sought to be reviewed is erroneous, unlawful, or unjustified.
(f) JUDGMENT OF SUPREME COURT. After review, the Supreme Court shall enter an appropriate order or judgment. If no review is sought of a judgment or report of a referee entered under the rules and filed in the Court, the findings of fact shall be deemed conclusive and the disciplinary measure recommended by the referee shall be the disciplinary measure imposed by the Court, unless the Court directs the parties to submit briefs or oral argument directed to the suitability of the disciplinary measure recommended by the referee. A referee report which becomes final when no re *27 view has been timely filed shall he reported in an order of the Supreme Court.
(4) PRECEDENCE OF PROCEEDINGS. Petitions for review in disciplinary proceedings shall take precedence over. all other civil causes in the Supreme Court.
(5) EXTRAORDINARY WRITS. All applications for extraordinary writs which are concerned with disciplinary proceedings under these rules of discipline shall be made to the Supreme Court.
(6) FLORIDA — APPELLATE—RULES FLORIDA RULES OF APPELLATE PROCEDURE. To the extent necessary to implement this rule and if not inconsistent herewith, the Florida Appellate Rules of Appellate Procedure shall be applicable to petitions for review in disciplinary proceedings, provided service on The Florida Bar shall be accomplished by service on bar counsel and the e-xecutive director staff counsel.
(7) CONTEMPT BY ACCUSED OR RESPONDENT. Whenever it is alleged that an accused or respondent is in contempt in a disciplinary proceeding, a petition for rule an order to show cause why the accused or respondent should not be held in contempt and the proceedings on such petition may be filed in and determined by the Supreme Court or as provided under rule 11.13(5).
(8) Whenever disbarment has boon recommended in a referee report or in a petition for review filed by the Bar, tho oxeou-tive director, on request of-the court,-will file with tho court -a certificate summarizing other disciplinary cases then pending against the respondent, and If disbarment is ordered by the Court, dismissal without prejudice of the other pending cases listed in tho certificate or petition against the respondent may on request-of the Board-of Governors be ordered in the Court’s disbarment order.
RULE 11.10: DISCIPLINE BY SUPREME COURT
The judgments entered, finding members of The Florida Bar guilty of misconduct, shall include one or more of the following disciplinary measures:
(1) PROBATION. The respondent may be placed upon probation for a stated period of time of not less than six months nor more than three years and for an indefinite period determined by conditions stated in the order. The judgment shall state the conditions of the probation which may include the following: supervision of all or part of the respondent’s work by a member of The Florida Bar; the making of reports to a designated agency; the satisfactory completion of a course of study or a paper on legal ethics approved by the Supreme Court; such supervision over fees and trust accounts as the Court may direct. Failure to observe the conditions of the probation or a finding of probable cause as to conduct of the respondent committed during the period of probation shall terminate the probation. In such event, even though such finding of probable cause shall be made after the expiration of the period of probation, the judgment shall be reconsidered, and an appropriate judgment shall be entered. On termination of probation for failure to observe the conditions of probation or on a finding of probable cause for misconduct committed during the period of probation, the attorney may be punished for contempt or suspended from the practice of law on petition by The Florida Bar, and any such suspension shall continue until the respondent may be reinstated to the practice of law as provided elsewhere in these rules.
(21 PRIVATE REPRIMAND. A private reprimand may be adjudged bv the Supreme Court in any case even though the proceeding may not be confidential. A public order publishing a private reprimand may omit the name of the disciplined attorney. A Supreme Court order adjudging a private reprimand may direct the respondent to appear before the Supreme Court, the Board of Governors, or the referee for administration of the reprimand. A memorandum of administering of such a reprimand shall thereafter be made a part of the record of the proceeding.
(2X3} PUBLIC REPRIMAND. A public reprimand shall be administered in the *28 manner prescribed in the judgment but all such reprimands shall be reported in the Southern Reporter. Due notice shall be given to the respondent of any hearing set down to administer the reprimand. The respondent shall appear personally before the Supreme Court, the Board of Governors. or the referee if required, and a memorandum of the hearing shall thereafter be made a part of the record of the proceeding.
(3X41 SUSPENSION. The respondent may be suspended from the practice of law for an appropriate time or for a definite period of time and an indefinite period thereafter to be determined by the conditions imposed by the judgment. During such suspension the respondent shall continue to be a member of The Florida Bar but without the privilege of practicing; and upon the expiration of the suspension period and the satisfaction of all conditions accompanying the suspension, the respondent shall become eligible to all of the privileges of membership in The Florida Bar. A suspension of three months or less shall not require proof of rehabilitation or satisfactory passage of The Florida Bar examination; a suspension of more than three months shall require proof of rehabilitation; no suspension shall be ordered for a specific period of time in excess of three years. Suspensions which continue for over three years shall require proof of rehabilitation and may require satisfactory passage of The Florida Bar examination subsequent to the date of suspension.
(4X51 DISBARMENT. A judgment of disbarment terminates the respondent’s status as a member of the Bar. A former member who has been disbarred may only be admitted again upon full compliance with the rules and regulations governing admission to the Bar. Except as might be otherwise provided in these rules, no application for admission may be tendered within three years after the date of disbarment or such longer period as the Court might determine in the disbarment order.
(5X6) TEMPORARY SUSPENSION AND PROBATION. On petition of The Florida Bar, authorized by its president, president-elect, or executive director, supported by an affidavit demonstrating facts personally known to affiant showing that an attorney appears to be causing great public harm by misappropriating funds to his own use, or otherwise, the Supreme Court may issue an order with such notice as the Court may prescribe imposing temporary conditions of probation on said attorney as provided in rule 11.10(1) or temporarily suspending said attorney. Any order of temporary suspension or probation which restricts the attorney maintaining a trust account shall, when served on any bank maintaining an account against which said attorney may make withdrawals, serve as an injunction to prevent said bank from making further payment from such account or accounts on any obligation except in accordance with restrictions imposed by the Court. Any order of temporary suspension issued under this rule shall preclude the attorney accepting any new cases but shall not preclude him continuing to represent existing clients during the first 30 days after issuance of such temporary order; however, any fees tendered to such attorney during such 30-day period shall be deposited in a trust fund from which withdrawals may be made only in accordance with restrictions imposed by the Court. The attorney may for good cause request dissolution or amendment of any such temporary order by petition filed with the Supreme Court, a copy of which will be served on the executive director. Such petition for dissolution shall be set for immediate hearing before a referee designated by the president-of The Florida Bar or in the event" of his unavailability then designated by -the president-elect chief justice. The designated referee shall hear such petition forthwith and submit his report and recommendation to the Supreme Court with the utmost speed consistent with due process. Upon receipt of the referee report, the Supreme Court shall modify its order if appropriate and continue such provision of the order as may be appropriate until final disposition of all pending disciplinary charges against said attorney.
*29 (6X7) NOTICE TO CLIENTS. Upon service on the respondent of an order of disbarment, suspension, resignation for cause. temporary suspension, or placement on the inactive list, the respondent shall, unless this requirement is waived or modified in the Court’s order, forthwith furnish a copy of the order to all of his clients with matters pending in the respondent’s practice, and within 30 days after service of the order the respondent shall furnish staff counsel of The Florida Bar with a sworn affidavit listing the names and addresses of all clients who have been furnished copies of the order.
(TXi) EMPLOYMENT OF CERTAIN DISCIPLINED ATTORNEYS. When attorneys have been placed on the inactive list, suspended, disbarred, or allowed resignation pursuant to rule 11.08 by order of this Court, they are ineligible to practice law until reinstated or readmitted. However, this shall not preclude a lawyer, law firm, or professional association from employing the suspended, disbarred, or resigned individual to perform such services only as may ethically be performed by other lay persons employed in attorneys’ offices under the following conditions:
(a) Notice of employment along with a full job description will be provided to staff counsel before employment commences.
(b) Information reports verified by the employee and employer will be submitted to staff counsel quarterly; such reports shall contain a statement by the employing lawyer certifying that no aspect of the employee’s work for the period involved the unauthorized practice of law.
(c) No suspended or disbarred attorney shall have direct contact with any client or receive, disburse, or otherwise handle funds or property of a client.
(9) Whenever a judge is removed from office by the Supreme Court on the basis of a Judicial Qualification Commission proceeding. the removal order, when the record in such proceedings discloses the appropriate basis, may also order the suspension of the judge as an attorney pending further proceedings hereunder.
RULE 11.11: REINSTATEMENT
An attorney who has been suspended or has resigned for cause may be reinstated to membership in The Florida Bar pursuant to this rule. The proceedings under this rule are not applicable to suspension for nonpayment of dues.
(1) PETITIONS: FORM AND CONTENTS. FINGERPRINTS.
(a) FILING. The original petition for reinstatement and three copies thereof shall be in writing, verified by the petitioner, addressed to the-Board-of-Governors and filed with the executive-director-at-tho-of fice-of Supreme Court and a copy served on The Florida Bar in Tallahassee. With-the filing of — his—petition the petitioner — shall furnish -two sets of his fingerprints-on record cards-furnished-by-T-he-F-lor-ida-Bar — for this purpose, — One copy of the petition shall be promptly filed by the executive director with-the clerk of this court.
(b) FORM AND EXHIBITS. The petition shall be in such form and shall be accompanied by such exhibits as the Board of Governors shall prescribe, subject to the approval of the Supreme Court. The information required concerning the petitioner may include any or all of the following matters in addition to such other matters as may be reasonably required to determine the fitness of the petitioner to resume the practice of law: criminal and civil judgments; disciplinary judgments; copies of income tax returns together with consents to secure original returns; occupation during suspension and information in connection therewith; financial statements; statement of restitution of funds which were the subject matter of disciplinary proceedings. When proof of rehabilitation-or — passage of The Florida Bar examination is a condition ■f-or-removal of the-suspension then the petitioner- may file his petition requesting-reinstatement- -any time — within—three.-months prior to.the expiration of the specific period of suspension-so-that-entry of the order on the petition — for—reinstatement—wlll-not-be *30 unduly delayed beyond the period of definite suspension.-
(2) DEPOSIT FOR COST. The petition shall be accompanied by proof of a deposit paid to The Florida Bar in such amount as the Board of Governors shall prescribe to insure payment of reasonable costs of the proceedings. Such costs in the discretion of the Board of Governors may include court reporters’ fees, witness fees and traveling expenses, and reasonable traveling expenses and out-of-pocket costs of the referee op investigative committee and attorneys for The Florida Bar.
(3) REFERENCE OF PETITION FOR HEARING. The Board-of Governors chief justice shall refer the petition for reinstatement to a referee for hearing for-investigation. — Such investigatiofr-may-be-by-means of formal hearing and findings or — otherwise. — Such reference shall be in the-discretion of the Board of Governors, to a referee, a griovance-eommittee-of-the county where the petitioner resides, or formerly-resided, or to a reinstatement committee-to-be- appointed by — the- Board of Governors; Provided, however, that no such reference shall be made until evidence is submitted showing that all costs assessed against the petitioner in all disciplinary proceedings have been paid. Provided, further, that the petition shall be referred to a referee designated-by the Supreme Court if-requested by petitioner.
(4) ATTORNEY FOR THE BAR. When a petition for reinstatement is filed, the Board of Governors or staff counsel, if authorized by the Board of Governors, may appoint, or-may request any local bar- association to appoint, from the active members of The Florida Bar designated by the staff counsel to serve as bar counsel pursuant to rule 11.03(51. one or more attorneys to represent The Florida Bar in the proceeding. The duties of such attorneys shall be to appear at the hearings and to prepare and present to said committee or the referee evidence which, in the opinion of the committee or referee or such attorneys, should be considered in passing upon the petition.
(5) PROCEDURE. The referee or committee to which the petition for reinstatement is referred shall conduct the investigation hearing as a trial in the same manner, to the extent practical, as proceedings are conducted under the rule concerning trials. The matter to be investigated and decided shall be the fitness of the petitioner to resume the practice of law.
(6) HEARING; NOTICE; EVIDENCE.
(a) NOTICE. The committee-or referee to whom the petition for reinstatement is referred shall fix a time and place for hearing, and notice thereof shall be given at least 10 days prior to the hearing to the petitioner, to attorneys representing The Florida Bar, and to such other persons as may be designated by any member of the committee or the referee to which whom the petition is referred.
(b) APPEARANCE. Any of said persons to whom notice is given, any other interested persons, or any local bar association, may appear before the referee in support of or in opposition to the petition at any time or times fixed for hearings thereon.
(c) FAILURE OF PETITIONER TO BE EXAMINED. For the failure of the petitioner to submit to examination as a witness pursuant to notice given, the-Board- of Governors the referee shall dismiss the petition for reinstatement unless good cause is shown for such failure.
(7) PROMPT HEARING; REPORT. The committee-or referee to which whom a petition for reinstatement has been referred by the Board of Governors chief justice shall proceed to a prompt hearing, at the conclusion of which it the referee shall make and transmit-to file with the Board of Governors Supreme Court a report which shall include the findings of fact and a recommendation as to whether or not the petitioner is qualified to resume the practice of law. Such report shall be in the form prescribed by the Board of Governors. The referee shall file the report and record in the Supreme Court and shall serve a copy of the report and record on staff counsel and a copy of the report only on all other *31 parties. Staff counsel shall make a copy of the record, as furnished to him, available to other parties upon request and payment of actual costs of reproduction.
(8) NOTICE — OF—REINSTATEMENT COMMITTEE’S OR REFEREE’S REPORT. When the report of the committee or referee-is-recei-ved at the office-of the executive director in Tallahassoo, a copy thereof shall be-sent-b-y^-the executive-director to the petitioner and to the mombers of The ■■Florida-Bar — representing the-Bar and to each local bar association appearing in the proceeding. — A-eopy of the letter-of -transmittal;.bearing the date of mailing and the name of-the-person mailing-the same, shall be retained in the offioe of-The-Florida Bar and — shall-be- prima facie-evidence of the mailing thereof upon said date.
(81 REVIEW. Review of referee reports in reinstatement proceedings shall be in accordance with rule 11,09.
(9-)~ST-ATEMENT IN OPPOSITION OR SUPPORT. — At-a-ny time within 10 days after mailing of notice of- report the-petitioner — or the member of The Florida Bar representing the Bar or any local bar association-may file in-the office of The Florida Bar in Tallahassee an original and three copies of a typewritten statement in support — of or in opposition-to the report.
(WX91 JUDGMENT. After filing of said report, the Board of Governors shall — review the petition, the findings and-recommendations of the committee or referee- and the-record before such committee or referoo and shall determine whether it shall support- or oppose reinstatement. — The Board shall file its recommendation, together with the reoord-of proceedings, in the Supreme Court and-shall servo a copy upon the petitioner. — The-Supremo Court shall then enter an-appropriate judgmont. If the petitioner is found unfit to resume the practice of law, the petition shall be dismissed. If the petitioner is found fit to resume the practice of law, the judgment shall reinstate him in The Florida Bar; provided, however, that the judgment may make such reinstatement conditional upon the payment of all or parts of the costs of the proceeding and upon the making of partial or complete restitution to parties harmed by the petitioner’s misconduct which led to the suspension of his membership in The Florida Bar; and further provided, however, that if suspension of petitioner has conditioned upon the furnishing of such the reinstatement may be continued upon the furnishing of such proof of competency as may be required by the judgment in the discretion of the Supreme Court, which proof may include certification by the Florida Board of Bar Examiners of the successful completion of an examination for admission to The Florida Bar subsequent to the date of suspension.
(344(101 SUCCESSIVE PETITIONS. No petition for reinstatement shall be filed within one year following an adverse judgment upon a petition for reinstatement filed by or on behalf of the same person.
RULE 11.12: CONFIDENTIAL NATURE OF PROCEEDINGS
All matters including files, preliminary investigation reports, inter-office memoran-da, records of investigations! and the records in trials and other proceedings under these rules, excepting only those matters in connection with proceedings initiated in circuit courts are all property of The Florida Bar. All of such matters having to do with (1) investigation and other proceedings to determine probable cause, (2) trials upon a finding of-probable cause; and (4) (2) resignations pending disciplinary proceedings, shall be confidential to all parties participating therein or having knowledge thereof, except as otherwise provided in these rules. All of such persons shall be admonished by the agency before whom they appear to observe the confidential nature of such proceedings. Provided, however, that the confidential nature of such proceedings is subject to the following exceptions:
(1) PUBLIC RECORD. Those parts of proceedings prior to the trial which are required to be served upon an accused^ and the-reeord of the procooding as elsewhere defined, shall become public information in the following instances:
*32 (a) REQUEST OF ACCUSED OR RESPONDENT. If the accused or respondent shall file in the proceeding a request in writing that the proceedings be made public information.
(b) CIRCUIT COURT. If the proceeding is in a circuit court; but proceedings in contempt of confidential proceedings shall preserve the confidentiality of the disciplinary proceeding as elsewhere provided.
(c) JUDGMENT OF SUSPENSION OR DISBARMENT. Upon entry of the judgment of suspension from practice, disbarment or of public reprimand.
(d) REVIEW BY SUPREME COURT. FILING OF COMPLAINT. Upon the filing of a petition for review in tho mannor provided-by the rule-governing review by the — Supreme Court, formal complaint bv staff counsel in the Supreme Court and expiration of the time allowed for the filing of a motion to maintain confidential status as provided in rule 11.06(5)(bl. Provided. however, that confidentiality shall be retained in situations where private reprimand is recommended, unless the accused or respondent waives confidentiality as provided bv rule 11.12fl)fa'). If a motion is filed pursuant to rule 11.06I5Vbl. the matter shall remain confidential until the motion is ruled upon and thereafter as provided in the order on the motion or as otherwise provided in these rules.
(2)RESIGNATION PENDING DISCIPLINARY PROCEEDINGS. If an accused or respondent shall resign pending disciplinary proceedings which are confidential, confidentiality of the proceedings shall terminate on publication of the resignation order, and the general nature of the disciplinary charges shall be stated in the resignation order, such proceedings shall remain confidential except as follows. If the resigned member of The Florida Bar shall apply for readmission to The Florida Bar or for admission to the bar of any other jurisdiction, the Florida Board of Bar Examiners and the comparable body having jurisdiction of an application for admission in the other jurisdiction shall be given access to the files of The Florida Bar for the purpose of evaluating the applicant’s competency to practice law.
(3) EVIDENCE OF CRIME. The confidential nature of disciplinary proceedings and the oath given to witnesses therein shall not proscribe the filing of informa-tions and the giving of testimony before grand juries or other prosecuting authorities by individuals having knowledge of facts indicating the commission of crime, if such knowledge was obtained independently of disciplinary proceedings.
(4) INFORMATION CONCERNING PROCEEDING. No information concerning the pendency or status of an investigation or-trial or other confidential matter shall be given unless and until a-record-of tho proceedings is-filed — with the-clerk of this court or unless authorized by the Board of Governors Supreme Court. Provided, however, that any judge of a court of record having a judicial interest in the matter may be advised in confidence of the status of proceedings as to a particular accused or respondent, and provided further that a complainant may be advised in confidence of the pending status or final disposition of such complaint.
(5) ADDITIONAL WAIVER OF-CONFIDENTIALITY- IN — MATTERS -I-NVOLV-ING-GQMMISSION OF A CRIME, UNFITNESS-T-Q PRACTICE LAW ANP-GREAT PUBLIC — INTEREST.-Notwithstanding tho rules of confidentiality elsewhere stated in the Integration-Rule, confidentiality of disciplinary proceedings shall be-waived commencing with the-filing of the formal oomplaint-contemplated by Rule 11.05 after tho probable cause-finding by a -grievance committee or tho -Board of Governors as therein-set forth, in-cases involving:
(a) A felony or -other serious -crime, or
(b)-Conduct by an accused which--consti-tutos -a general unfitness to practice law, or
(c) Where the public interest clearly demands and the constitutional guaranties of tho accused will not be thereby violated or denied — -provided, however, that, prior to any waiver of confidentiality, the-accused shall have 15 days to petition the full-Board *33 of Governors to maintain confidentiality-for good-cause shown, after notice of probable causo is-served on him by — c-er-tified—mail with-return receipt personally-signed by the accused or by other- means of personal service, — Such letter-of service shall advise that confidentiality- shall be waived under the Rule unless such petition to the-Board-is timely — filed—and—favorably—considered.Upon such petition-being filed, confidentiality shall be maintained until disposition of such petition. — Once waiver is effected it will — include the formal complaint and all subsequent proceedings thereon - unless-it-is thereafter determined for good cause by the-Board to reinvoke confidentiality.
RULE 11.13: ADDITIONAL RULES OF PROCEDURE
(1) TIME IS DIRECTORY. Except as otherwise provided in herein these Rules of-Discipline, the time intervals required are directory only and are not jurisdictional. Failure to observe such directory intervals may result in contempt of the agency having jurisdiction or of the Supreme Court, but will not prejudice the offending party except where so provided.
(2) NOTICE IN LIEU OF PROCESS. Every member of The Florida Bar is within the jurisdiction of the Supreme Court and its agencies under these rules, and service of process is not required to obtain jurisdiction over respondents in disciplinary proceedings; but due process requires the giving of reasonable notice and such shall be effected by the service of the complaint upon the respondent by mailing a copy thereof by registered or certified mail, return receipt requested, to the last known address of the respondent according to the records of The Florida Bar or such later address as may be known, to the person effecting the service.
(3) SUBPOENAS. Subpoenas for the attendance of witnesses and the production of documentary evidence other than before a circuit court shall be issued as follows:
(a)REFEREES. Subpoenas for the attendance of witnesses and production of documentary evidence before a referee shall be issued by the referee and shall be served in the manner provided by law for the service of process.
(b) GRIEVANCE COMMITTEES. Subpoenas for the attendance of witness and the production of documentary evidence before a grievance committee may be issued by the chairman or vice-chairman any member of a grievance committee in pursuance of an investigation authorized by the committee. Such subpoenas may be served by any member of such committee or in the manner provided by law for the service of process.
(c) REINSTATEMENT COMMITTEES. Subpoenas for the attendance-of — witnesses and-the-production of documentary -evidence before a reinstatement — committee shall be issued by the ohairman, vice-chairman or secretary of such committee,-and shall be served in the manner provided by law for the service of process.
(d) (cl BOARD OF GOVERNORS. Subpoenas for the attendance of witnesses and the production of documentary evidence before the Board of Governors shall be issued by the executive director under the seal of The Florida Bar and shall be served in the manner provided by law for the service of process.
(e) (dl CONFIDENTIAL PROCEEDINGS. If the proceeding is confidential, a subpoena shall not name the accused or respondent but shall style the proceeding as “Confidential proceeding by The Florida Bar under the Rules of Discipline.”
(£) (e) CONTEMPT. Any person who, without adequate excuse, fails to obey such a subpoena served upon him may be cited for contempt of this Court in the manner provided by this rule.
(4)OATH OF WITNESSES. Every witness in every proceeding under these rules shall be sworn to tell the truth and not to disclose the existence of the proceeding nor the identity of the accused or respondent until the proceeding is no longer confidential under these rules. Violation of the oath shall be an act of contempt of this Court.
*34 (5) CONTEMPT. If an agency other than a circuit court shall find that a person is in contempt under these rules, such person shall be cited for contempt in the following manner, except that an accused or respondent in a disciplinary proceeding may be cited for contempt by petition for rule an order to show cause filed and heard in the Supreme Court or in the circuit court:
(a) PETITION FOR RULE ORDER TO SHOW CAUSE. The agency shall direct bar counsel or chairman of the agency, if there is no bar counsel serving in the matter in which the contempt occurs, to present to the circuit court having jurisdiction a petition for the issuance of a rule an order to show cause why the person so accused should not be held in contempt of this Court.
(b) CONFIDENTIALITY. If the proceeding in which the contempt occurs is a confidential proceeding, the confidentiality shall be preserved.in the contempt proceeding in the following manner: pleading shall be styled “Proceeding by The Florida Bar under the Rules of Discipline, The Florida Bar v. (name of accused in contempt proceeding).” No pleadings or matters shall be filed with the clerk of the circuit court; instead all such matters shall be presented to the circuit judge hearing the same and shall be returned to the agency upon completion of the contempt proceedings and then filed with the executive- director record in the disciplinary case. Docket entries and sentences or judgments in contempt proceedings, if entered in the office of the clerk of the circuit court, shall be styled as provided for pleadings and shall make no references to the accused or the respondent in the disciplinary proceedings in which the contempt occurred. If the name of the accused or respondent shall become of public record, the court having jurisdiction in the contempt proceeding shall take appropriate steps to preserve the confidentiality of the disciplinary proceedings and shall consider whether or not the person responsible for the making of the name of the accused or respondent of public record is also guilty of contempt under these Rules of Discipline.
(c)APPELLATE REVIEW. A judgment in such contempt proceedings may be appealed by either party in the manner provided in the rule on appellate review, except that a copy of the petition for appeal review shall not be filed with the clerk of the circuit court, and the record shall be forwarded by the judge or the agency possessing the same.
(6) CONSENT JUDGMENT.
(a) BEFORE REFEREE-AND BAR COUNSEL-ARE A-P-PQINTED FORMAL COMPLAINT IS FILED. If before a referee-and-bar counsel are appointed formal complaint is filed, an accused attorney a respondent states his or her desire to plead guilty to a grievance committee report that finds probable cause and recommends further disciplinary proceedings, then staff counsel (or-assistant-staff counsel), with the approval of the designated Board reviewer, may advise the accused attorney respondent of the discipline he or she will receive if a written plea of guilty is entered. No recommended discipline will be conveyed to the aeeused — attorney respondent unless staff counsel and a designated reviewer are in complete agreement and their agreement is reduced to writing and made part of the file. If an aceused-attor-ney a respondent tenders a plea of guilty in exchange for a stated form of punishment and staff counsel and the designated reviewer cannot agree on acceptance or rejection of the conditional guilty plea, then the tendered plea will be referred to the Board of Governors for a fi lal decision. Any proposed consent judgment-more sovere than a private reprimand-shall- before acceptance by The Florida Bar be submitted by The Florida Bar te the Supremo Court-for approval.
(b) AFTER APPOINTMENT OF REFEREE AND BAR COUNSEL FILING OF FORMAL COMPLAINT. If an accused attorney a respondent states his or her desire to plead guilty to a grievance committee report or-a filed formal complaint that has been filed after a referee and bar counsel are appointed, then bar counsel, with the approval of staff counsel- (on assistant-staff *35 counsol) and the designated reviewer, the Board of Governors, may advise the accused attorney of the discipline the Bar will recommend to the referee ho will receivo if a written plea of guilty is entered. No recommended discipline will be-conveyed to the accused attorney unless the bar counsol, staff counsel, and the designated reviowor are in complete agreement and that agroo ment is reduced to writing and made a part of the file. — If-an accused attorney tenders a plea-of guilty in exchange for a statod form of-punishment, and bar counsel, staff counsol, and the designated reviewer-cannot agree en-acceptance or rejection of the conditional guilty plea, then the-tendered ploa will bo referred to-the Board of Governors for a final decision. — Any proposed consont judgment more severe than-a private-reprimand shall before acceptance by The Florida Bar be submitted by The-F4orida Bar to the Supreme Court for approval.
(cl Acceptance of any proposed consent judgment more severe than a private reprimand shall be conditional on final approval bv the Supreme Court, and the Court’s order will recite the disciplinary charges against the respondent.
(dl All conditional pleas shall show clearly bv reference or otherwise the disciplinary offenses to which the plea is made.
(71 NOTICE OF DISCIPLINARY RECORD. Whenever staff counsel furnishes a judicial nominating commission or other independent authority any report of a past disciplinary record or pending investigation concerning a member of The Florida Bar. the subject attorney shall forthwith be advised of the content of such report bv staff counsel.
(81 ETHICS OPINIONS. Opinions of the Professional Ethics Committee of The Florida Bar are advisory only.
RULE 11.14: DISCIPLINARY PROCEEDINGS IN CIRCUIT COURTS
(1)DISCIPLINARY MATTERS IN DISTRICT COURTS OF APPEAL AND CIRCUIT COURTS. Whenever it shall be made known to any of the judges of the district courts of appeal or any judge of a circuit court in this state that a member of The Florida Bar practicing in any of the courts of his district or judicial circuit has been guilty of any unprofessional act as defined by this Integration Rule or the Code of Ethics Professional Responsibility adopted by this Court, such judge may direct the state attorney for the circuit in which such attorney shall have his office to make in writing a motion in the name of the State of Florida to discipline such attorney setting forth in the motion the particular act or acts of conduct for which the attorney is sought to be disciplined.
(2) COPY SERVED UPON ACCUSED. Upon the filing of such motion a copy thereof shall be served upon the accused attorney, and he shall, within 10 days after the service thereof, file his answer thereto. A copy of such motion shall be filed with the executive director of The Florida Bar at the time of service upon the accused attorney.
(3) TRIAL BEFORE A CIRCUIT JUDGE. Upon the filing of the answer, the presiding chief judge of the judicial circuit in which the accused attorney’s office is located shall designate one of the judges thereof to try to determine said cause. Such judge shall conduct a hearing thereon and shall hear the evidence to be offered by the State of Florida and the accused. A representative or representatives of The Florida Bar, appointed by the Board of Governors of The Florida Bar, shall have the right to be present and to observe the proceedings. Upon the conclusion of said hearing, said judge shall enter such judgment of dismissal, reprimand, probation, suspension, or disbarment as shall be appropriate to the circumstances.
The parties shall be entitled to compulsory process to force the attendance of any witnesses.
(4) JUDGMENT FILED IN SUPREME COURT. If the judgment be one of public reprimand, probation, suspension, or disbarment, three certified copies of the same shall be forthwith filed by the clerk of the trial court with the clerk of the Supreme Court of Florida. The clerk of the Supreme *36 Court shall retain one copy for his records, deliver to the executive director of The Florida Bar one copy of said judgment for his official records, and shall forthwith serve the third copy upon the accused attorney respondent.
(5) PETITION FOR APPELLATE REVIEW. The respondent may appeal from a judgment entered by a circuit court. Such appeal shall be made in the manner provided by the rule on appellate review.
(6) DUTY TO EXPEDITE PROCEEDINGS. It shall be the duty of the state attorney who is directed to file said motion to file the same promptly and to dispose of said controversy expeditiously.
(7) CONCURRENT JURISDICTION OF THE FLORIDA BAR. The jurisdiction of the district courts of appeal and circuit courts created by this rule and the procedure herein outlined shall be concurrent with that of The Florida Bar under the preceding portions of these Rules of Discipline. The forum first asserting jurisdiction in a disciplinary matter shall retain the same to the exclusion of the other until the final determination of the cause.
(8) READMISSION OR REINSTATEMENT. Readmission or reinstatement of attorneys disbarred or suspended by proceedings in circuit courts shall be governed as elsewhere provided in these rules.
RULE 11.15: STATUTES SUPERSEDED
These Rules of Discipline shall supersede such parts of sections 454.18, 454.31 and 454.32, Florida Statutes 4969 (19771. as are in conflict herewith.
Over the years, there have been many piecemeal revisions of these disciplinary rules. These modifications have been made by different committees whose members have possessed varying writing styles. There has never been a comprehensive editing of these rules. Such an editing is necessary because of the lack of uniformity in the language used throughout the rules, because of poor grammatical construction in certain instances, and because of the use of some archaic language. In view of the massive changes now made in these rules, this is an appropriate occasion to require such an editing by The Florida Bar. Since there is a need for a substantial editing of these rules, we hereby direct the bar to undertake the task of editing these rules and, thereafter, to report back to this Court. This task does not entail the change in substance of any of these rules but merely requires that correct grammatical structure be inserted, archaic language be eliminated, and uniform terminology be utilized.
Furthermore, consistent with our revisions to article XI and consistent with the Florida Mental Health Act, Florida Bar Integration Rule, article II, section 5, is amended to read:
5. A lawyer who has been adjudged insane or mentally incompetent or hospitalized under the Florida Mental Health Act shall be suspended from the practice of law. If an order of restoration is entered by a court having jurisdiction or the lawyer is discharged from hospitalization under the Florida Mental Health Act, he may apply to the Board of Governors for reinstatement on the roll of attorneys.
(a) Whenever an attorney is suspended, disbarred, placed on the inactive list, abandons his practice, disappears, or dies, and no partner, executor, or other responsible party capable of conducting the attorney’s affairs is known to exist, the appropriate circuit court, upon proper proof of the fact, may appoint an attorney or attorneys to inventory the files of the subject attorney and to take such action as seems indicated to protect the interests of clients of the subject attorney, as well as the interest of that attorney.
(b) Any attorney so appointed shall not be permitted to disclose any information contained in files so inventoried without the consent of the client to whom such file relates except as necessary to carry out the order of the court which appointed the attorney to make such inventory.
These rules shall be effective and shall apply to all grievance matters commenced on or after July 1, 1979.' All cases not referred to a referee before July 1, 1979, shall be tried in accordance with these rules. *37 All grievance committees shall be re-constituted to conform to these rules as of July 1, 1979.
ADKINS, SUNDBERG and HATCHETT, JJ., concur.
ENGLAND, C. J., concurs in part and dissents in part with an opinion.
BOYD, J., concurs in part and dissents in part with an opinion.
OVERTON, J., concurs in part and dissents in part with an opinion.
ALDERMAN, J., concurs in part and dissents in part with an opinion.

 We thank the chairman and members of the special committee — Frederick B. Karl, Edward J. Atkins, T. Edward Austin, Jr., James S. Cheney, Julian D. Clarkson, Patrick Emmanuel, Mallory H. Horton, Robert B. Kane, Thomas C. MacDonald, Jr., A. Lamar Matthews, Jr., Eli H. Subin, Lois Garrett, John Frost, and Emmett Peter — for their careful consideration of article XI and their valuable proposals for its revision.

. Proposed rule 11.02(4)(d) provides:
(dl UNEARNED FEES.
(11 Definition: An unearned fee is a fee
(a) which is no.t .an historic common law retainer fee paid solely to secure availabiiity_o.f the services of a lawyer:
(bl for which services have not vet been proportionately performed pursuant to the terms of the contract or other arrangement with the client: and
(cl which the client had not expressly consented in writing shall be exempt from. ..■the. provision of this rule 11.02(41(dl.
(21 All monies received bv a lawyer as unearned fees shall remain in the trust account and shall not be withdrawn until earned,

. Proposed rule 11.02(4)(e) provides:
reí STAFF AUDITORS AND RANDOM AUDITS. Staff auditors shall be retained bv The Florida Bar and shall audit accounts of members of The Florida Bar on a random basis or when requested bv staff counsel. A random audit shall be conducted in the following manner:
til the auditor shall determine that the trust accounting procedures as provided in this rule are being followed.
(iil the auditor shall use sampling techniques to audit selected accounts unless discrenancies are found which would indicate a need for a more detailed or complete audit.
tiiil audit reports shall be forwarded to staff counsel on a confidential basis.
(ivl a copy of an audit conducted under this rule shall be furnished to the audited attorney forthwith.

. Proposed rule 11.04(3) provides:
(3) THE ACCUSED. The accused attorney may be required to testify and to produce evidence as any other witness unless he claims a privilege or right properly available to him under applicable federal or state law, and when-60 required he may be accompanied by counsel. Before any finding of probable cause or private reprimand is made the accused shall be advised in general terms the nature of the conduct which is being investigated and he shall be given an opportunity to make a statement personally or by counsel, verbally or in writing, sworn or unsworn, explaining, refuting or ad- . mitting the alleged misconduct. Unless found to be impractical-by the chairman-of the grievance committee -due to unreasonable delay or other good cause, tho accused shall-be granted the right to bo present at any grievance committee hearing when evidenee-is to-be pre6ent-ed to the committee, to face his accuser, to call witnesses, and to cross examine subject to-reasonable limitation.

.Proposed rule 11.10(9) provides:
£9) EMPLOYMENT OF CERTAIN DISCIPLINED ATTORNEYS. When attorneys have been placed on the inactive list, suspended, disbarred or allowed resignation pursuant to Rule 11.08 by order of this Court, they are ineligible to practice law until reinstated or readmitted. No Florida lawyer shall employ a suspended, disbarred, resigned or inactive lawyer in connection with the practice of law or permit such a lawyer to be in. upon or about law office premises except as a client. Any disbarred, suspended, resigned or inactive lawyer who accepts such employment or frequents law office premises other than as a client shall be in contempt of the disbarment, suspension. resignation or inactive status order. However, this shall not preclude a-lawyer, law firm or professional association-from employing- the suspended, disbarred or resigned-individual to perform-such services only as may ethically be performed by other lay persons employed in attorneys officos under-the following conditioner
(a) Netice of employment along with a full job description wdl-be provided to-6taff counsel before employment commences.
(b) Information reports verified by tho em ployeo and employer will be submitted to staff eounsel-quarterly, such reports shall-contain-a statement by the employing lawyer certifying that no-aspect of the employee’s work for the period involved -the unauthorized - practice of
(e) No-suspended-or disbarred attorney shall have direct contaet with-any client or receive, *3 disburse or otherwise handle funds or property of a client.

. Proposed rule 11.12(6) provides:
161 IMMUNITY.
(al COMPLAINANT. A complainant shall not be sued for libel, slander or malicious prosecution for reports made or testimony given in a grievance proceeding. A complainant mav be found guilty of periurv or false swearing or held in contempt for breach of confidentiality.
(bl DISCIPLINARY AGENTS. Members of the Board of Governors, grievance committees. grievance investigators, grievance counsel. grievance auditors, grievance staff, and grievance referees shall be immune from suit for any conduct in the course of their official duties.
(cl FROM GRIEVANCE PROSECUTION. Attorneys mav be granted immunity from disciplinary prosecution only bv a member of the Florida Supreme Court.

. Proposed rule 11.13(1) provides:
(1) TIME — IS-BIREGTORY-, TIME STANDARDS. Except as otherwise provided in herein these Rules of Discipline, the time intervals required are directory only and are not jurisdictional. Failure to observe such directory intervals may result in contempt of the agency having jurisdiction or of the Supreme Court, but will not prejudice the offending party except where so provided.
(al SPEEDY PROBABLE CAUSE DETERMINATION. Except as otherwise provided bv this Rule, a grievance committee shall have 90 days to conduct an investigation into alleged misconduct of an accused attorney, determine whether or not to make a finding of probable cause, and, if a finding of probable cause is made, file the record of its investigation and a formal complaint with the executive director. The time period established in this section commences 30 days after receipt of written charges of misconduct or lack of qualification bv the staff counsel, or on the date of the first grievance committee meeting held following the committee’s receipt of charges from staff counsel whichever first occurs. Upon timely application bv a grievance committee, the Board of Governors mav order an extension of time where exceptional circumstances, as defined in this Rule, are shown to exist. If no probable cause determination is timely made, upon motion filed with the Board of Governors and served upon the grievance committee the accused attorney shall be forever discharged from Bar discipline for the misconduct. The Board of Governors before granting such motion shall determine that the accused attorney has neither directly or indirectly hindered the investigation of the grievance committee. The filing date for this purpose shall be the date the record and formal complaint is postmarked bv U.S. Mail addressed to Bar Headquarters or the date actually delivered to Bar Headquarters, whichever occurs first.
(bl SPEEDY TRIAL RULE. Except as otherwise provided bv this Rule, every attorney against whom a formal complaint is filed bv a grievance committee or the Board of Governors shall be brought to trial within 90 days. The time period established bv this section shall commence on the day after the date of filing of the formal complaint. The Referee mav order an extension of time or continuance where exceptional circumstances, as defined in this Rule, are shown to exist. If no trial is timely held, upon motion filed with the Referee and served upon the Board of Governors the accused attorney shall be forever discharged from Bar discipline for the misconduct. The Referee before granting such motion shall determine that the accused attorney has neither directly or indirectly hindered the investigation of the *4 complaint and has been continuously available during such period of time for trial.
(cl EXCEPTIONAL CIRCUMSTANCES. Exceptional circumstances shall not include heavy caseload of grievance committee, investigators. or Bar counsel, lack of diligent preparation-failure to obtain available witnesses, or other avoidable or foreseeable delays.
Exceptional circumstances are those which as a matter of substantial justice to the accused attorney or the Bar or both require an extension of time. Such circumstances include (il unexpected illness or unexpected incapacity or unforeseeable and unavoidable absence of a person whose presence or testimony is uniquely necessary for a full and adequate investigation or trial: (iil a showing bv the Bar that the case is so unusual and so complex, due to the number of defendants or the nature of the investigation or prosecution or otherwise, that it is unreasonable to expect adequate investigation or preparation within the periods of time established bv this Rule: (iiil a showing bv the Bar that specific evidence or testimony is not available despite diligent efforts to secure it. but will become available at a later time: provided. not more than two continuances shall be granted on this ground: (ivl a showing bv the accused or the Bar of necessity for delay grounded on developments which could not have been anticipated and which will materially affect the investigation or trial: (vl a showing that a delay is necessary to accommodate a co-defendant when there is reason not to sever the cases in order to proceed promptly with trial, of the defendant: (vil on mutual agreement of Bar counsel and the accused attorney which agreement is concurred in bv the Board of Governors or referee: (viil a showing bv the BarJhatth.e_aec.us.ed had caused major delay or disruption of preparation of proceedings, as bv preventing the attendance of witnesses or otherwise,...Under the foregoing circumstances the Referee mav set a trial date or the Board of Governors mav set a new limit on time for finding-probable cause within a reasonable time-_If proceedings are revived after being detened-.under Rule ll,02(31(bl this shall be considered an exceptional circumstance.
(d) PENDING MATTERS. Rule (al shall not apply, to Pending-charges on which a committee has not found probable cause on the date this rule takes effect. Rule (bl shall not apply to pending cases on which there has been a finding of probable cause prior to the date this rule takes effect.

. Proposed rule 11.14 provides:
Rule 11.14 QUALIFICATION PROCEEDINGS
(11 NATURE OF PROCEEDINGS. Qualification proceedings shall relate to an attorney who is incapable of practicing law generally or in a particular field of law because of physical or mental disease or infirmity, lack of expertise or qualifications, inability to render legal services in a prompt and competent manner or other reason. At such times as mav be appropriate proceedings shall be denoted as qualification proceedings and an investigatory grievance committee shall serve additionally as a qualification committee. Otherwise, such cases shall proceed in the same manner as other proceedings under this article.
(21 REMEDIES WHICH MAY BE ADJUDGED. Disposition of such cases mav include placing of the attorney upon an inactive list, imposition of appropriate restrictions upon the right to practice law or subjecting the right to practice law to appropriate conditions. Such conditions or restrictions mav include. but are not limited to. practice under required supervision, compulsory attendance at designated continuing legal education programs, attendance at and passage of designated law school courses, passage of all or a designated portion of the examination given bv the Board of. Bar Examiners or other designated .examination. Joss or withdrawal of the right to list certification or specialty designations, or prohibition or limitation of the right to practice law in designated areas of law or before designated tribunals, When appropriate, such conditions or restrictions mav be continuing or may be for a .time certain.
(31 RELIEF FROM QUALIFICATION ORDERS. . Relief from continuing conditions or res.tric.tions_may .be .sought by petition to the Supreme Court with notice to The Florida Bar, Such petitions for relief may be referred to a referee for hearing and recommendation to the Supreme Court.
(41 CONSOLIDATION WITH GRIEVANCE PROCEEDINGS. In appropriate cases involving common facts, a qualification proceeding may be consolidated for investigation and hear *5 ing with any other proceeding under this article.

. Proposed rule 11.03(3) provides:
(3) REFEREES. — The Board of Governors shall annually or a6 often as necessary recommend membore of-The Florida Bar to this court to act as roforoes-in disciplinary proceedings. This court will certify annually or as often as necessary a panel-of those approved to-aet-as referees. — All retired Supreme Court, district court of appeal and cirouit judges shall be eligi ble, with — their -consent, to serve as referee.
(3t REFEREES. The Supreme Court shall appoint referees to trv disciplinary cases. Such appointees shall ordinarily be sitting circuit judges but the court may appoint retired judges or members of The Florida Bar with extensive trial experience. The referee shall reside in a different circuit than the respondent.

. Proposed rule 11.04(2)(a) provides:
(a) INVESTIGATION. A grievance or qualification committee is required to consider all charges of misconduct or lack of qualification forwarded to the committee bv staff counsel whether based upon a written complaint or not. No formal investigation bv a grievance or qualification committee shall proceed unless the matter has been referred to the committee bv staff counsel. All written charges of misconduct or lack of qualification received bv a committee member from a source other than staff counsel shall within 10 days be forwarded to staff counsel for docketing and other appropriate action unless the committee member receiving the complaint satisfies the complainant within the 10-dav period that formal investigation of the complaint is not required.

. Proposed rule 11.06(5)(d) provides:
(d) DISPOSITION OF MOTIONS. Hearings upon motions may be deferred until the final hearing; and whenever heard, rulings thereon may be reserved until termination of the final hearing but a motion to maintain confidential status for the protection of a client or to continue the confidential status of a complaint founded on an attorney’s rejection of a private reprimand for minor misconduct under rule 11.-04I6I(,c¥i1 which is filed within 20 days after service of the complaint on the respondent shall be decided before trial and the proceedings shall remain confidential until an order is issued on the motion. When the motion is predicated on rejection of a private reprimand. confidentiality shall be retained unless the referee determines that the charge, if true, involves conduct more serious than minor misconduct as defined in rule 11.04(61(c')('n).