PER CURIAM.
In August 1979 the Grievance Committee of the Thirteenth Judicial Circuit initiated four grievance charges against the respondent. A referee was appointed to hear the case on September 28,1979. The procedure was therefore subject to the rules in effect prior to the amendment of the Integration Rule as ordered by this Court on May 24, 1979 (Petition of Supreme Court Special Committee, 373 So.2d 1 (Fla.1979)). For this reason we have denied the respondent’s motion to dismiss The Florida Bar’s petition for review.
The referee, after an inordinate delay, filed his report in which he found no violation of the Code of Professional Responsibility in cases L3B79H25, L3B79H29, and L3B79H42.[1] In case number L3B79H38[2] the referee found that the respondent was guilty of failing to maintain a clients’ trust account in contravention of Integration Rule 11.02(4) and Disciplinary Rule 9- *3 102(A) and (B). His recommended punishment was restricted to 9-102(A) and (B). His recommended punishment was restricted to payment of costs of that proceeding since he felt that the violation was unintentional and an understandable misinterpretation of the rule as it related to the respondent’s particular law practice.
We have reviewed the record and find that there is no legal reason to reject the referee’s finding of no guilt in the first three cases described above. On those cases we decline the Bar’s request that the referee’s findings be rejected, and we approve those findings.
We direct our attention to our case number 62,516, the trust accounting dereliction. The respondent did not maintain a trust account although he received moneys from clients for filing fees and costs. He was unaware, he says, that article XI, Rule 11.-02(4), Florida Bar Integration Rule, applied to him. The referee correctly held that it did. The respondent has now established such a trust account and assures us that he is complying with the rule.
If that were the extent of the story we would stop and approve the referee’s report on this count also. But there is more to it. In less than a year the respondent had forty-three instances where his checks were dishonored for insufficient funds. This is inexcusable on an attorney’s part. Many of those checks were payable to a clerk of court for filing fees. Such defaults have caused many clerks to cease accepting attorneys’ checks altogether. It is a lame excuse indeed that a lawyer’s cheek bounced because a client’s check to him was dishonored. When a lawyer writes a check, at least for matters related to his law business, it should be with an assurance of its validity. Dishonored cheeks not only bring dishonor to the lawyer writing them, but to the entire bar. Were this a recent event, we would likely suspend the respondent. Because of the unusual and inexplicable time in disposing of this matter, however, we will restrict the punishment to a public reprimand and payment of costs involved in case number 62,516 alone. We remind the respondent that Integration Rule 11.02(4) applies to him. We reprimand him for not following it, but we especially reprimand him for issuing the many checks that were dishonored.
It is so ordered.
ADKINS, Acting C.J., and BOYD, MCDONALD, EHRLICH and SHAW, JJ„ concur.

. Our case numbers 62,514, 62,515, 62,517.

. Our case number 62,516.