751 So.2d 374 (2000)
Ron M. PERRY
v.
Camilla M. ANDERSON and Allstate Insurance Company.
No. 99-CA-0230.
Court of Appeal of Louisiana, Fourth Circuit.
January 12, 2000.
*375 Michael J. Begoun, Wolfe, Begoun & Pick, New Orleans, Louisiana, Counsel For Plaintiff/Appellant.
Harold G. Toscano, Law Offices of Richard E. Britson, Jr., New Orleans, Louisiana, Counsel For Defendant/Appellee.
Court composed of Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS, Sr., Judge ROBERT A. KATZ.
BAGNERIS, Judge.
Ron Perry ("Perry"), plaintiff/appellant, seeks to reverse the trial judge's ruling in favor of Allstate Insurance Company ("Allstate"), defendant/insurer of Camilla M. Anderson ("Anderson"), defendant. Perry contends that the trial judge erred in ruling in Allstate's favor because the evidence presented at trial proved that Anderson was negligent in causing the car accident. Further, Perry argues that the trial judge erred in failing to award him damages. We agree with Perry.

FACTS
On July 31, 1996, Perry and Anderson were involved in a two-car accident near the intersection of Canal and Rampart Streets. Anderson attempted to make a sudden left turn onto Rampart Street from the middle lane of traffic on Canal Street, colliding with the car driven by Perry. The Police Report indicated that there were no injuries sustained by the parties involved in this car accident and that the damages to the vehicles were "light". Anderson was issued a citation for making an improper turn. The following day Perry began to experience pain in his neck, back and shoulder areas. Perry sought medical treatment at the V.A. Hospital.
Perry then left town to attend two weeks of military training class in Virginia. Perry refrained from participating in physical training, but he did not seek medical treatment during this time. Upon returning *376 to New Orleans, Perry sought medical treatment in late September with Dr. Miller. Dr. Miller treated Perry on six separate occasions. Perry continued to work while undergoing medical treatment with Dr. Miller.
One day while at work, Perry suffered a slip and fall accident, pulling a muscle in his back. Perry failed to inform Dr. Miller, his treating physician, of this subsequent accident.
Dr. Altman testified that a slip and fall accident that occurred after the July 31, 1996 auto accident may also very well have resulted in pain to the neck, back and shoulder areas, which is consistent with Perry's complaints. However, Dr. Miller concluded that Perry's injuries were consistent with the July 31, 1996 car accident. Further, Perry's medical record indicated that he had a history of back pain. The trial court rendered judgment in favor of Allstate against Perry, dismissing Perry's lawsuit against Anderson and Allstate. We disagree with the trial court's ruling.

LAW AND DISCUSSION
On appeal, Perry contends the trial court erred in rendering judgment in favor of Allstate and Anderson, when the evidence presented at trial proved that Anderson was at fault in causing the automobile accident.
A Court of Appeal may not set aside a trial court's finding of fact in the absence of "manifest error" or unless it is "clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). In Mart v. Hill, 505 So.2d 1120, 1127 (La.1987), the Louisiana Supreme Court announced a two-part test for the reversal of a factfinder's determination:
(1) The Appellate Court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
(2) The Appellate Court must further determine that the record establishes that the finding is clearly wrong.
The Appellate Court must do more than simply review the record for some evidence which supports or controverts the trial court's finding. Id. The Appellate Court must review the record in its entirety to determine whether the trial court's finding was clearly wrong or manifestly erroneous.
The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. See generally, Cosse v. Allen-Bradley Co., 601 So.2d 1349, 1351 (La.1992); Housley v. Cerise, 579 So.2d 973(La.1991). Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder's reasonable inferences of fact, such findings should not be disturbed upon review absence manifest error or unless it is clearly wrong. Rosell v. ESCO, supra.

TESTIMONY OF RON PERRY
Perry, the plaintiff, testified at trial that on July 31, 1996, he was involved in a two-car accident. Perry testified that he was driving his vehicle and traveling on Canal Street, going toward Interstate 10. As he was traveling in the far-left lane, he noticed a van traveling in the middle lane. Without any warning the van attempted to make a left turn from the middle lane. Perry attempted to apply his brakes to avoid the collision but was unsuccessful.
Perry's vehicle sustained $984.00 in damage, which Allstate paid. Perry testified that he experienced extremely bad headaches after the accident.
Perry further testified: that he sought treatment the day after the accident at the V.A. Hospital for injuries he sustained in the car accident; he was experiencing pain in his shoulder and lower back; the doctor prescribed Motrin 800 and an anxiety pill.
On August 3, 1996, Perry went to military training classes in Fort Lee, Virginia *377 from August 3, 1996 through August 17, 1996; however, he was excused from exercises and placed on limited duty because of the injuries he received in the car accident.
Upon his return to New Orleans, Perry sought additional medical treatment for his injuries. He continued to complain of pain in his lower back and right shoulder. His attorney referred him to Dr. Miller for treatment. Dr. Miller prescribed heat treatment and TENS therapy for his lower back and shoulder pain. Dr. Miller treated Perry from February 1997 until September 1997. However, Perry testified that he was still suffering from pain some three months after Dr. Miller had discharged him. Dr. Miller's bill for treating Perry was $1405.00.
On September 27, 1996, Perry slipped and fell at work; however, he testified that he did not sustain any injuries as a result of this incident.

TESTIMONY OF DR. STEWART E. ALTMAN[1]
Dr. Stewart Altman, who specializes in General Medicine, testified that he never examined Perry; that Dr. Miller was the treating physician; and that Dr.Miller was no longer with the practice. At trial Dr. Altman testified that Dr. Miller examined Perry in September 1996. Perry's chief complaints were of pain in his neck and pain in his lower back. Perry informed Dr. Miller that he had been involved in a car accident on July 31, 1996.
Dr. Altman also testified that Dr. Miller prescribed various therapeutic treatments for Perry. Upon examining Perry, Dr. Miller found tenderness in his lumbrosacral area, and his range of motion was about seventy percent of normal. The result of the straight leg raising was positive for pain in the lumbosacral area at sixty to eighty degrees. Dr. Altman testified that "normal" is between seventy to ninety degrees.
Dr. Altman further testified that Perry's shoulder showed signs of swelling and tenderness with minimum restricted range of motion. Perry's chest neural exam showed signs of tenderness in the left upper to right quadrant. The neck exam was normal.
Dr. Miller prescribed heat therapy and a TENS unit which was to be applied to Perry's chest and back areas. Dr. Miller also provided Perry with a back brace for support, and he prescribed medication for muscle relaxation and inflammation. Dr. Altman testified that Dr. Miller advised Perry to use his partial disability if necessary.
Dr. Altman testified that Perry visited Dr. Miller six times for treatment. Finally, Dr. Altman testified that Dr. Miller concluded that Perry's injuries were consistent with the car accident on July 31, 1996.
After careful review of the record, we find that the trial court erred in rendering judgment in favor of Anderson and Allstate, her insurer, and in dismissing Perry's claim for damages. Therefore, we reverse the trial court judgment.
The record before us is complete, and in the interest of judicial economy, we shall render judgment on the merits in this opinion.
In Gonzales v. Xerox Corp., 320 So.2d 163, 165-6 (La.1975) the Supreme Court stated:
While the trial court remains the original forum for resolving factual and legal issues, the Louisiana Constitution expressly extends the jurisdiction of appellate courts in civil cases to the review of facts as well as law. Accordingly, appellate courts render judgments on the merits when the trial court has made a consequential but erroneous ruling on the exclusion or admission of evidence. *378 (citations omitted) Likewise, when an appellate court has all the facts before it, a trial judge's erroneous instruction to the jury does not warrant a remand. (citations omitted) ... there is a very practical consideration which encourages our appellate courts to exercise their jurisdiction to review factual findings: judicial economy. When the entire record is before the appellate court, remand for a new trial produces delay of the final outcome and congestion of crowded dockets while adding little to the judicial determination process. Although the appellate court does not gain the benefit of personally viewing the witnesses, it does have a complete record and the constitutional authority to decide.
The Fourth Circuit in Williams v. General Motors, 639 So.2d 275 (4th Cir.1994) on rehearing at 639 So.2d 288, 290, cited the Gonzales case for the proposition that the appellate court must decide the case and not remand it. Because we have a complete record before us, and because we wish to avoid further delay in the resolution of this matter, we shall render judgment on the merits in this opinion.
Article 2315 of the Civil Code provides, in pertinent part, as follows: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." In Rosell v. ESCO, supra, the Louisiana Supreme Court clarified this article:
....by fault we mean negligence. Negligence is the doing of some act which a reasonably prudent person would not do or the failure to do something that a reasonably prudent person would do when prompted by consideration which ordinarily regulate the conduct of human affairs. It is, in other words, failure to use ordinary care under the circumstances.
The record contains the following uncontroverted facts: Anderson was insured by Allstate Insurance Company at the time of the accident; Perry received medical treatment from Dr. Miller for the injuries sustained as a result of the automobile accident; Perry's vehicle was damaged in the accident; Allstate paid Perry for the damages to his vehicle; Perry was billed by Dr. Miller for medical treatment rendered as a result of the accident.
After a careful review of the record and evidence presented, we find that Perry's testimony established that the accident was caused by Anderson's negligence in attempting to make a left turn from a middle lane. Accordingly, we find in favor of Ron M. Perry and against Camille M. Anderson and Allstate Insurance Company, jointly, severally and in solido. We also assess 100% of the fault to Anderson and no fault to Perry.

CONCLUSION
IT IS ORDERED, ADJUDGED and DECREED that there be Judgment herein in favor of Ron M. Perry and against Camille Anderson and her insurer, Allstate Insurance Co., jointly, severally, and in solido for general damages in the sum of five thousand dollars ($5000.00) and medical specials in the sum of one thousand and four hundred and five dollars ($1405.00), all with legal interest from date of demand until paid. The defendants are to be assessed the costs of this appeal, as well as all costs incurred in the trial court by the plaintiff.
REVERSED AND JUDGMENT RENDERED FOR PLAINTIFF.
JONES, J., CONCURS.
JONES, J., concurring.
I concur in the result.
NOTES
[1] At the time of trial, Dr. Miller was no longer employed with the medical group. Dr. Altman, an internist with the medical group, testified regarding Perry's treatment based on Dr. Miller's medical records.