# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 08-1419

## ON REHEARING

**MARGIE F. MARTIN**

**VERSUS**

**SAFEWAY INSURANCE CO. OF LOUISIANA, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 68344B
HONORABLE THOMAS F. FUSELIER, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***
**ELIZABETH A. PICKETT**
**JUDGE**
**\*\*\*\*\*\*\*\*\*\***

**OPINION ON REHEARING**

Court composed of Sylvia R. Cooks, Oswald a Decuir, Elizabeth A. Pickett, Billy Howard Ezell, and James T. Genovese, Judges.

**AMENDED AND RENDERED.**

Gary J. Ortego
Attorney at Law
P. O. Drawer 810
Ville Platte, LA 70586
Counsel for Plaintiff/Appellee:
    Margie F. Martin

Gregory J. Laborde
Attorney at Law
P. O. Box 3667
Lafayette, LA 70502
Counsel for Defendant/Appellant:
    Robert Gallow

Melissa F. Doise
Borne & Wilkes
200 W. Congress St, #1000
Lafayette, LA 70502-4305
Counsel for Defendant/Appellant:
      Safeway Insurance Company of Louisiana

**Pickett, J.**

We granted rehearing in this case to consider an issue which was over-looked in the original appeal. The excluded driver, Robert Gallow, appealed the quantum of damages awarded. Upon considering that issue, we amend the damage award, and render that award as amended.

## DAMAGES

The trial court awarded the plaintiff general damages in the amount of "$45,00.00, together with medical expenses [of] $1,851.71 and all costs . . . with a credit of $10,000.00 as a result of previous payments." The defendant, Robert Gallow, appeals arguing that the general damages awarded by the trial court are so excessive as to constitute an abuse of discretion. We agree.

In *Brown v. State ex rel. LSU Medical Center Health Care Services Division*, 08-273, pp. 7-8 (La.App. 3 Cir. 12/10/08), 998 So.2d 367, 373, *writ denied*, 09-72 (La. 3/6/09), 3 So.3d 491, we reviewed the law applicable to claims of inadequate/excessive damages:

> In *Miller v. LAMMICO*, 07-1352, p. 28 (La.1/16/08), 973 So.2d 693, 711, the supreme court noted:
>
> > An appellate court reviews a trial court's general damage award using the abuse of discretion standard. *Coco v. Winston Industries, Inc.*, 341 So.2d 332, 335 (La.1976). The trier of fact is afforded much discretion in independently assessing the facts and rendering an award because it is in the best position to evaluate witness credibility and see the evidence firsthand. *Anderson v. New Orleans Pub. Serv., Inc.*, 583 So.2d 829, 834 (La.1991). An appellate court may disturb a damages award only after an articulated analysis of the facts discloses an abuse of discretion. *Theriot v. Allstate Ins. Co.*, 625 So.2d 1337, 1340 (La.1993); *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1261 (La.1993) (the fact finder's discretion in awarding general damages is vast and should rarely be disturbed); *Reck v. Stevens*[,] 373 So.2d

1

498, 501 (La.1979). To determine whether there has been an abuse of discretion by the fact finder, the reviewing court looks first to the facts and circumstances of the particular case. *Theriot*, 625 So.2d at 1340; *Reck*, 373 So.2d at 501. Only if a review of the facts reveals an abuse of discretion, is it appropriate for the appellate court to resort to a review of prior similar awards. *Reck*, 373 So.2d at 501; *Anderson*, 583 So.2d at 834; *Youn*, 623 So.2d at 1261.

The record reveals that the accident at issue happened on July 26, 2006. The plaintiff, a legal secretary, did not seek medical treatment for two days. On July 28, 2006, she consulted her family physician, Dr. Charles Fontenot. He diagnosed the plaintiff's injuries as an acute cervical strain superimposed over a prior herniated disc (suffered in an accident 1992) and an acute lumbar strain. Dr. Fontenot prescribed an analgesic, an anti-inflamatory, and a muscle relaxant. The plaintiff returned to Dr. Fontenot and had her prescriptions refilled on August 4, 2006. She was referred for physical therapy, took three treatments (August 14, 15, and 18, 2006), and discontinued the therapy. On August 23, 2006, the plaintiff once again returned to Dr. Fontenot, had her analgesic prescription refilled and a prescription for a different muscle relaxant filled. Thereafter, she said she relied on over-the-counter medications as she had done after the 1992 accident. She saw Dr. Fontenot only twice more—on September 14 and October 16, 2006. He advised her to return as needed. She has neither returned nor consulted another physician. The plaintiff has missed no work, but her employer did provide her with a different chair. She does complain that she has some residual problems with her neck "especially at work, you know, typing , sitting in certain positions and stuff." The plaintiff's total medical expenses, including doctor, MRI, prescriptions and physical therapy total $1,851.71.

2

Considering the plaintiff's diagnoses, the extent and duration of her medical treatment, fact that she sustained no disability, and that she missed no work, we find the general damage award "beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances." *Andrus v. State Farm Mutual Automobile Insurance Co.*, 95-0801, p. 8 (La. 3/22/96), 670 So.2d 1206, 1210. It then falls upon us to review prior awards in similar cases to determine the highest award within the trial court's discretion.

In *Simon v. Lacoste*, 05-550, (La.App. 3Cir. 12/30/05), 918 So.2d 1102, the plaintiff was in an accident on I-10 in July 2001. He complained of lower pelvic, back, and neck pain, and left arm numbness. In October 2001 he was diagnosed with thoracic outlet syndrome. The plaintiff recovered slowly amassing over $29,000.00 in medical expenses over the next three years. A jury award him $5,000.00 in general damages which this court raised to $15,000.00.

The plaintiff in *Henry v. Wal-Mart Stores, Inc.*, 99-1630 (La.App. 3 Cir. 3/1/00), 758 So.2d 327, *writ denied*, 00-929 (La.App. 3 Cir. 5/26/00), 762 So.2d 1107, slipped and fell while shopping in the defendant's store. He sustained shoulder, lower back, and leg pain as a result of the accident. The plaintiff saw an orthopedic surgeon approximately five times over a period of ten months for his complaints, and took a number of prescription medications for symptoms. The trial court awarded the plaintiff $22,000.00 in general damages and $721.00 in past medicals, which was affirmed by a panel of this court.

In *Perry v. Anderson*, 99-0230 (La.App. 4 Cir. 1/12/00), 751 So.2d 374, the plaintiff was injured in an automobile accident. He suffered neck and pack pain requiring eight months of treatment including muscle relaxant and anti-inflamatory medications, the use of a TENS unit, and a back brace. He testified that his pain

3

continued three months following his discharge. The appellate court awarded the plaintiff $5,000.00 in general damages.

Thus, after review of the record in light of the standard set forth in *Brown*, 998 So.2d 367, and *Miller*, 973 So.2d 693, and the cases referenced above, we conclude that $ 37,500.00 is the highest point that was within the trial court's discretion. Accordingly, we lower the award of general damages to $ 37,500.00.

Accordingly, for the reasons stated the general damage award of $45,000.00 in favor of the plaintiff, Margie Martin is reduced to $37,500.00.

**AMENDED AND RENDERED.**